# EXHIBIT A

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Kenneth Freeman
Electronically FILED by Superior Court of California, County of Los Angeles on 08/30/2022 10:41 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano,Deputy Clerk

Bruce Kokozian, Esq. (SBN 195723)
Alex DiBona, Esq. (SBN 265744)
**KOKOZIAN LAW FIRM, APC**
10940 Wilshire Blvd., Suite 1200
Los Angeles, CA 90024
Telephone Number: (323) 857-5900
Fax Number: (310) 275-6301
bkokozian@kokozianlawfirm.com
dibona@kokozianlawfirm.com

Attorneys for Plaintiff
Travis Swans, on behalf of himself and all others similarly situated

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

TRAVIS SWANS, an Individual, on behalf of himself and all others similarly situated

Plaintiffs,

v.

FIELDWORKS, LLC, a District of Columbia Limited Liability Company; and DOES 1 through 100, Inclusive

Defendants.

**CASE NO.:** 22STCV28182

**CLASS ACTION**

**CLASS ACTION COMPLAINT FOR:**

1. **FAILURE TO PAY OVERTIME WAGES;**
2. **FAILURE TO PAY MINIMUM WAGES;**
3. **FAILURE TO PAY OVERTIME WAGES AT THE LEGAL OVERTIME PAY RATE;**
4. **FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU OF;**
5. **FAILURE TO PROVIDE PAID REST PERIODS;**
6. **FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS;**
7. **FAILURE TO REIMBURSE EMPLOYEE EXPENSES IN VIOLATION OF LABOR CODE §§ 2800 and 2802**

) 8. VIOLATION OF LABOR CODE §203;
) 9. UNFAIR BUSINESS PRACTICES
) DEMAND FOR JURY TRIAL

Plaintiff TRAVIS SWANS, an individual on behalf of himself and all others similarly situated (hereinafter collectively referred to as "Plaintiffs"), hereby file this Complaint against Defendant FIELDWORKS, LLC, a District of Columbia limited liability company; and DOES 1 through 100, Inclusive (hereinafter collectively referred to as "Defendants"). Plaintiffs are informed and believe, and on the basis of that information and belief, allege as follows:

## I. INTRODUCTION

1. This is Class Action, pursuant to California Code of Civil Procedure §382 on behalf of plaintiff and other non-exempt current and former employees employed by Defendants who were joint employers of Plaintiffs in that they were operating as a joint enterprise and both suffered and permitted Plaintiffs to work for each and both of them; controlled Plaintiffs' hours and working conditions; Controlled Plaintiffs' wages; Both FIELDWORKS, LLC And DOES 1 through 100 made the decision to hire Plaintiff and had control of termination of a Plaintiff's employment and therefore jointly employed Plaintiffs.

2. This is a civil action seeking recovery for Defendants' violations of California Labor Code ("Labor Code") §1194, et seq., §1197, §200 et seq., Labor Code §500 et seq., Labor Code § 2800, et seq., California Business and Professions Code ("B& PC") §17000 et seq. and §17200, et seq., the applicable Wage Order(s) issued by the California Industrial Welfare Commission (hereinafter, the "IWC Wage Order(s)") and related common law principles.

3. Plaintiffs' action seeks monetary damages, including full restitution from Defendants as a result of Defendants' unlawful, fraudulent and/or unfair business practices.

4. The acts complained of herein occurred, occur and will occur, at least in part, within the time period from four (4) years preceding the filing of this complaint, up to and through the time of trial for this matter.

## RELEVANT EMPLOYEES

5. The relevant employees are Defendants' non-exempt current and former employees, employed in California by Defendants.

6. Defendants' non-exempt current and former employees are paid by Defendants on an hourly pay basis.

7. The obligations and responsibilities of Defendants' current and former non-exempt, hourly paid employees employed in California by Defendants are virtually identical from location to location and employee to employee. Any differences in job activities between the different individuals in these positions were and are legally insignificant to the issues presented by this action.

## SUMMARY OF CLAIMS

8. With regard to Defendants' California based non-exempt, hourly paid current and former employees Defendants have established a policy which does not compensate said employees for the time they actually worked and as a result Defendants have failed to pay all wages due including overtime wages for all hours worked, failed to pay the required minimum wage for all hours worked, and failed pay overtime wages at the legal overtime pay rate for overtime work as Defendant failed to include non-discretionary bonuses in the regular rate of pay for the purposes of calculating overtime pay. Further Defendants have failed to provide uninterrupted 30-minute meal periods; failed to provide paid rest periods; failed to timely furnish accurate itemized wage statements; failed to reimburse employee business-related expenses and costs; violated Labor Code §203; and conducted unfair business practices.

## II. PARTIES

PLAINTIFF TRAVIS SWANS

9. Plaintiff TRAVIS SWANS (hereinafter "SWANS" or "Plaintiff") is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint was a resident of California.

10. Plaintiff TRAVIS SWANS has worked for Defendants in Defendants' location in California as a non-exempt hourly employee. Plaintiff is a former employee of Defendants.

11. Plaintiff seeks unpaid wages, penalties and other compensation from Defendants for the relevant time period because Defendants have (Plaintiff himself was harmed by):

a. Failed to pay all wages due including overtime wages for all hours worked;

b. Failed to pay the required minimum wage for all hours worked;

c. failed to pay the legal overtime pay rate for work over (8) hours in a day and/or forty (40) hours in a week, as non-discretionary bonuses were not included in the regular rate of pay for the purposes of calculating overtime pay;

d. failed to provide meal periods

e. failed to provide paid rest periods;

f. failed to timely furnish accurate itemized wage statements;

g. failed to reimburse business expenses

h. violated Labor Code §203; and

i. Conducted unfair business practices.

**DEFENDANT FIELDWORKS, LLC**

12. Plaintiff is informed and believes, and thereon alleges, that, at all times herein mentioned, defendant FIELDWORKS, LLC was and is a District of Columbia limited liability company duly organized, authorized, and licensed to do business in the State of California, with its principal places of business in Washington DC. On information and belief, the members of the FIELDWORKS, LLC are residents of the state of California.

DOES 1 TO 100, INCLUSIVE

13. DOES 1 to 100, inclusive at all times mentioned in this Complaint were doing business in the State of California.

14. Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of DOES 1 to 100, inclusive and for that reason, DOES 1 to 100 are sued under such fictitious names pursuant to California Code of Civil Procedure ("CCP") §474.

15. Plaintiffs will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

ALL DEFENDANTS

16. Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this

Complaint.

17. Defendants, and each of them, proximately subjected Plaintiffs to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in the Complaint.

18. Defendants, and each of them, are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all of the other Defendants, and vice versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

19. Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

20. Defendants, and each of them, at all times mentioned in this Complaint concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and/or damages alleged in this Complaint.

21. Defendants, and each of them, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

22. Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

## III. JURISDICTION AND VENUE

23. The California Superior Court has jurisdiction in this matter due to Defendants' violations of Labor Code §201 et seq, Labor Code §500 et seq., Labor Code §2800, et seq., Labor Code §1194, Business & Professions Code §17200 et seq., the IWC Wage Order(s) and related common law principles.

24. The California Superior Court also has jurisdiction in this matter because both the individual and aggregate monetary damages and restitution sought herein exceed the minimal jurisdictional limits of the Superior court and will be established at trial according to proof.

25. The California Superior Court also has jurisdiction in this matter because the individual claims of the members of the Classes herein are under the seventy-five thousand ($75,000) jurisdictional threshold for Federal Court and the aggregate claim is under five million dollars ($5,000,000) threshold of the Class Action Fairness Act of 2005 ("CAFA"). Further, there is no federal question at issue, as the issues herein are based solely on California statutes and law, including the Labor Code, IWC Wage Order(s), CCP, and Business & Profession Code. The present action is also exempt from CAFA because this matter is a local controversy within the meaning of CAFA as follows: 1) More than two thirds of the putative class members are residents of California 2) the principal injuries resulting from defendant's conduct occurred in California 3) no class action asserting similar factual allegations has been filed against any defendant in the preceding three years and 4) at least one defendant is a citizen of California and significant relief is sought from that defendant and that defendant's conduct is a significant basis for the claims.

26. Venue is proper in Los Angeles County pursuant to CCP §395(a) and CCP §395.5 in that liability arose there because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each Defendant either is found, maintains offices, transacts business, and/or has an agent therein.

## IV. CLASS ALLEGATIONS

27. CCP §382 provides in pertinent part: "... [W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all.

28. Plaintiffs bring this suit as a class action pursuant to CCP § 382, on behalf of individuals who are entitled to the monies unlawfully withheld by Defendants.

29. The putative classes Plaintiffs will seek to certify are currently composed of and defined as follows:

a. All of Defendants' California-based non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) to whom Defendants failed to pay overtime wages (hereinafter, the "Overtime Class");

b. All of Defendants' California-based non-exempt, hourly-paid current and former

employees, employed during the relevant time period to whom Defendants failed to pay the required minimum wage (hereinafter, the "Minimum Wage Class");

c. All of Defendants' California-based non-exempt, hourly-paid current and former employees, employed during the relevant time period for worked over eight (8) hours in a day and/or over forty (40) hours in a week and whose premium pay for this overtime work was not calculated to include non-discretionary bonus pay (hereinafter "Overtime Rate Class");

d. All of Defendants' California-based non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) to whom Defendants failed to provide the legally requisite meal periods (hereinafter, the "Meal Period Class");

e. All of Defendants' California-based non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) to whom Defendants' failed to provide the legally requisite rest periods (hereinafter, the "Rest Period Class");

f. All of Defendants' California-based non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) to whom Defendants failed to provide accurate itemized wage statements (hereinafter, the "Wage Statement Class");

g. All of Defendants' California-based non-exempt, hourly paid former employees, employed during the relevant time period (as defined, supra) to whom Defendants failed to reimburse necessary business expenses and costs (hereinafter, the "Failure to Pay Expenses Class").

h. All of Defendants' California-based non-exempt, hourly paid former employees, employed during the relevant time period (as defined, supra) to whom Defendants' willfully failed to pay all wages (hereinafter, the "LC203 Class").

i. All of Defendants' California-based non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined supra) to whom Defendants have engaged in unlawful, unfair and/or fraudulent business acts or practices prohibited by B & PC Section 17200 (hereinafter, the "17200 Class).

30. The Overtime Class, Minimum Wage Class, Overtime Rate Class, Meal Period Class, Rest Period Class, Wage Statement Class, Failure to Pay Expenses Class, LC 203 Class and 17200 Class are hereinafter collectively referred to as the "Classes."

31. Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Classes. In any event, Plaintiffs will formally define and designate a class definition at such time when Plaintiffs seek to certify the Classes alleged herein.

32. Numerosity (CCP §382):

a. The potential quantity of members of the Classes as defined is so numerous that joinder of all members is unfeasible and impractical.

b. The disposition of the claims of the members of the Classes through this class action will benefit both the parties and this Court.

c. The quantity of members of the Classes is unknown to Plaintiffs at this time; however, it is estimated that the membership of the Classes numbers greater than 100 individuals.

d. The quantity and identity of such members is readily ascertainable via inspection of Defendants' records.

33. Superiority (CCP §382): The nature of this action and the nature of the laws available to Plaintiffs makes the use of the class action format particularly efficient and the appropriate procedure to afford relief to Plaintiffs for the wrongs alleged herein, as follows:

a. California has a public policy which encourages the use of the class action device;

b. By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise may be too small to warrant individual litigation;

c. This case involves large corporate Defendants and a large number of individual Class Members with many relatively small claims and common issues of law and fact;

d. If each individual member of the Classes was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual member of the Classes with Defendants superior financial and legal resources;

e. Requiring each individual member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Classes who would

be disinclined to pursue an action against Defendants because of an applicable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

f. Proof of a common business practice or factual pattern, of which the members of the Classes experienced, is representative of the Classes herein and will establish the rights of each of the members of the Classes to recover on the causes of action alleged herein;

g. Absent class treatment, the prosecution of separate actions by the individual members of the Classes, even if possible, would likely create:

i) a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

ii) a multiplicity of trial conducted at enormous expense to both the judicial system and the litigants;

iii) inconsistent or varying verdicts or adjudications with respect to the individual members of the Classes against Defendants; and

iv) potentially incompatible standards of conduct for Defendants;

v) potentially incompatible legal determinations with respect to individual members of the Classes which would, as a practical matter, be dispositive of the interest of the other members of the Classes who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the Classes to protect their interests.

h. The claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attendant thereto;

i. Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions; and

j. The Supreme Court of California urges trial courts, which have an obligation to consider the use of innovative procedural tools to certify a manageable class, to be procedurally

innovative in managing class actions.

34. Well-defined Community of Interest: Plaintiffs also meet the established standards for class certification (see, e.g. Lockheed Martin Corp. V. Superior Court (2003) 29 Cal. 4th 1096), as follows:

a. Typicality: The claims of Plaintiff SWANS are typical of the claims of all members of the Classes Plaintiff seeks to represent because all members of the Classes sustained injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all members of the Classes were caused by Defendants' wrongful conduct in violation of law, as alleged herein.

b. Adequacy: Plaintiff SWANS:

i) is an adequate representative of the Classes Plaintiff seeks to represent;

ii) will fairly protect the interests of the members of the Classes;

iii) has no interests antagonistic to the members of the Classes; and

iv) will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

c. Predominate Common Questions of Law or Fact: There are common questions of law and/or fact as to the members of the Classes which predominate over questions affecting only individual members of the Classes, including with limitation:

i) whether Defendants failed to pay the legal and appropriate overtime compensation to the members of the Overtime Class in violation of the Labor Code and the IWC Wage Order(s);

ii) whether Defendants failed to pay the legal and appropriate minimum wage to the members of the Minimum Wage Class in violation of the Labor Code and the IWC Wage Order(s);

iii) whether Defendants failed to pay the legal and appropriate overtime compensation at the legal rate to the members of the Overtime Rate Class in violation of the Labor Code and the IWC Wage Order(s);

iv) whether Defendants failed and continue to fail to provide meal periods to the members of the Meal Period Class in violation of the Labor Code and the IWC Wage Orders;

v) whether Defendants failed and continue to fail to authorize and permit paid rest periods to the

members of the Rest Period Class in violation of the Labor Code and section 12 of the IWC Wage Orders;

vi) whether Defendants failed to timely furnish accurate itemized statements to the members of the Wage Statement Class;

vii) whether Defendants failed to reimburse necessary business expenses and costs

viii) whether Defendants are liable pursuant to Labor Code §203;

ix) whether Defendants' conduct constitutes unfair competition within the meaning of B & PC §17200 et seq.

x) whether Defendants' conduct constitutes unfair business practices within the meaning of B & PC §17200, et seq.;

xi) whether the members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;

xii) whether the members of the Classes are entitled to injunctive relief;

xiii) whether the members of the Classes are entitled to restitution; and

xiiii) whether Defendants are liable for attorneys' fees and costs.

35. Whether each member of the Classes might be required to ultimately justify an individual claim does not preclude maintenance of a class action (see, e.. Collins v. Rocha (1972) 7 Cal. 3d 232, 238).

## V. CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES

(On Behalf of the Overtime Class)

(Against All Defendants)

36. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Compliant as if fully set forth herein.

37. Labor Code §204 establishes the fundamental right of all employees in the State of California to be paid wages, including straight time and overtime, in a timely fashion for their work.

38. Labor Code §510(a) states in pertinent part: "Any work in excess of eight hours in one

workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less that one and one-half times the regular rate of pay for an employee."

39. Labor Code §510 (a) further provides that "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee."

40. Pursuant to Labor Code §1198, it is unlawful to employ person for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC Wage Order(s).

41. Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants, consistently:

a. Administered a uniform company policy and practice regarding the payment of wages to the member of the Overtime Class;

b. Scheduled to work and in fact required the members of the Overtime Class to work in excess of eight (8) hours per workday and/or in excess of forty (40) hours per workweek without paying overtime compensation for all such excess hours worked by requiring the Overtime Class to remain under Defendant's control without paying them therefore which resulted in;

c. Failure to pay members of the Overtime Class overtime compensation for work in excess of eight (8) hours per day and/or forty (40) hours per week;

d. Failure to pay members of the Overtime Class overtime compensation for work in excess of 12 hours per day;

e. Failure to pay members of the Overtime Class overtime compensation for the first eight hours worked on the seventh day of work in any one workweek;

f. Did not employ the members of the Overtime Class using: i) an alternative workweek schedule pursuant to Labor Code §511; and did not employ the members of the Overtime Class using ii) an alternative workweek schedule adopted pursuant to a collective bargaining agreement.

g. Required that the members of the Overtime Class to spend more than fifty percent (50%) of their work performing non-exempt tasks; and

h. Disseminated incorrect information throughout Defendant's facilities and amongst Defendants' employees reciting that, under Defendants' labor policies and practices and under

California law, the members of the Overtime Class were not entitled to overtime compensation.

42. Defendants' pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates as entitlement, pursuant to Labor Code §218 and §1194(a), to recovery by the members of the Overtime Classes, in a civil action, for the unpaid balance of the full amount of the overtime wages owing, including interest thereon, reasonable attorneys' fees, and costs of suit.

43. That calculation of individual damages for the members of the Wage Class may at some point be required does not foreclose the possibility of taking common evidence on questions regarding their entitlement to overtime compensation (see, e.g. Collins v. Rocha (1972) 7 Cal. 3d 232; Hypolite v. Carleson (1975) 52 Cal. App. 3d 566; Employment Development Dept. v. Superior Court (1981) 30 Cal. 3d 256.

44. Pursuant to Labor Code §1194(a) and Civil Code §3287, the members of the Overtime Class seek recovery of pre-judgment interest on all amounts recovered herein.

45. Pursuant to Labor Code §1194, the members of the Overtime Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

(On Behalf of the Minimum Wage Class)

(Against All Defendants)

46. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

47. Pursuant to Labor Code §1197, payment of less than the minimum wage fixed by the Labor Commission is unlawful.

48. Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants, failed to pay the legal minimum wage for all hours worked, which resulted in the members of the Minimum Wage Class earning less than the legal minimum wage in the State of California.

49. Defendants' pattern and practice in uniform administration of corporate policy regarding

Defendants' failure to pay the legal minimum wage to the members of the Minimum Wage Class as described herein is unlawful and creates entitlement, pursuant to Labor Code §1194(a), to recovery by the members of the Minimum Wage Class, in a civil action, for the unpaid balance of the full amount of the unpaid minimum wages owed, calculated as the difference between the straight time compensation paid and the applicable minimum wage, including interest thereon.

50. Pursuant to Labor Code §1194.2(a) (which provides that in any action under Labor Code §1194, an employee shall be entitled to recover liquidated damages, the members of the Minimum Wage Class seek recovery of liquidated damages on the straight-time portion of uncompensated hours of work (not including the overtime portion thereof) in an amount equal to the wages unlawfully unpaid and interest thereon.

51. Pursuant to Labor Code §218.6, Labor Code §1194(a) and CC §3287, the members of the Minimum Wage Class seek recovery of pre-judgment interest on all amount recovered herein.

52. Pursuant to Labor Code §1194(a), the members of the Minimum Wage Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

## THIRD CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES AT THE LEGAL OVERTIME PAY RATE

(On Behalf of the Overtime Rate Class)

(Against All Defendants)

53. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

54. Labor Code §204 establishes the fundamental right of all employees in the State of California to be paid wages in a timely fashion for their work, including overtime.

55. Labor Code §510(a) states in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek … shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee."

56. The "regular rate of pay" includes "all [applicable] remuneration paid to, or on behalf of the employee." See, e.g., 29 U.S.C. §207(3). The California Industrial Welfare Commission applies this standard for determining an employee's regular rate of pay for overtime calculation purposes.

57. Labor Code §§1194(a) states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

58. Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants, consistently:

a. Administered a uniform company policy and practice regarding the payment of overtime wages to the members of the Overtime Rate Class;

b. Scheduled and/or required the members of the Overtime Rate Class to work in excess of eight (8) hours per workday and/or in excess of forty (40) hours per workweek; and

c. Failed to pay the members of the Overtime Rate Class for all work accomplished in excess of forty (40) hours per week at the correct overtime rate as it failed to include non-discretionary bonus pay due and owing.

59. Defendants' pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement, pursuant to Labor Code §218 and Labor Code §1194(a), to recovery by the members of the Overtime Rate Class, in a civil action, for the unpaid balance of the full amount of the overtime premiums owing.

60. That calculation of individual damages for the members of the Overtime Rate Class may at some point be required does not foreclose the possibility of taking common evidence on questions regarding their entitlement to overtime compensation (see, e.g. Collins v. Rocha (1972) 7 Cal.3d 232; Hypolite v. Carleson (1975) 52 Cal.App.3d 566; Employment Development Dept. v. Superior Court (1981) 30 Cal.3d 256).

61. Pursuant to Labor Code §218.6, Labor Code §1194(a) and CC §3287, the members of the Overtime Rate Class seek recovery of pre-judgment interest on all amounts recovered herein.

62. Pursuant to Labor Code §218.5 and/or Labor Code §1194, the members of the Overtime Rate Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU OF**

(On Behalf of the Meal Period Class)

(Against All Defendants)

63. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

64. Labor Code §226.7(b) provides that "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

65. Labor Code §512 provides that "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee".

66. Labor Code §512 further provides that "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employer only if the first meal period was not waived."

67. Labor Code §516 provides that the Industrial Welfare Commission may adopt or amend working condition orders with respect to meal periods for any workers in California consistent with the heal and welfare of those workers.

68. Section 11(A) of the IWC Wage Order(s) provides that "Unless the employee is relieved of all duty during a 30 minutes meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

69. Section 11(B) of the IWC Wage Orders(s) provides that "if an employer fails to provide an employee a meal period in accordance with the applicable provision of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

70. The members of the Meal Period Class consistently worked over five (5) hours per shift and therefore were entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

71. Further, some members of the Meal Period Class consistently worked over ten (10) hours per shift and therefore were entitled to a second meal period of not less than 30 minutes.

72. The members of the Meal Period Class did not validly or legally waive their meal periods, by mutual consent with Defendants or otherwise.

73. The members of the Meal Period Class did not enter into any written agreement with Defendants agreeing to an on-the-job paid meal period.

74. As a matter of Defendants' established company policy, Defendant failed to comply with the meal period requirements established by Labor Code §226.7, Labor Code §512, Labor Code §516 and Section 11 of the IWC Wage Order(s).

75. Pursuant to Section 11(B) of the IWC Wages Order(s) and Labor Code §226.7(b) which states "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided," the member of the Meal Period Class are entitled to damages in an amount equal to one(1) additional hours of pay at each employee's regular rate of compensation for each work day that the meal period was not provided.

76 Pursuant to Civil Code §3287, the members of the Meal Period Class seek recovery of pre-judgment interest on all amounts recovered herein.

## FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE PAID REST PERIODS

(On Behalf of the Rest Period Class)

(Against All Defendants)

77. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

78. Labor Code §226.7(b) states: "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

79. Labor Code §516 provides that the Industrial Welfare commission may adopt or amend working conditions orders with respect to break periods for any workers in California consistent with the health and welfare of those workers.

80. Section 12(A) of the IWC Wage Order(s) states: "Every employer shall authorize and permit all employee to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

81. Section 12(B) of the IWC Wage Order(s) states: "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

82. The members of the Rest Period Class consistently worked over four (4) hours per shift and therefore were entitled to a rest period of not less than ten (10) minutes prior to exceeding four (4) hours of employment.

83. As a matter of Defendants' established company policy, Defendants failed to authorize and permit the required rest periods established by Labor Code § 226.7 and Labor Code § 516 and Section 12 of the IWC Wage Order(s).

84. Pursuant to Section 12 of the IWC Wage Orders(s) and Labor Code § 226.7(b) which states "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided," the members of the Rest Period Class are entitled to damages in an amount equal to one (1) additional hour of pay at each employee's regular rate of compensation for each work day that the rest period was not so provided.

85. Pursuant to Labor Code § 218.6 and CC § 3287, the members of the Rest Period Class seek recovery of pre-judgment interest on all amounts recovered herein.

86. Pursuant to Labor Code the members of the Rest Period Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

## SIXTH CAUSE OF ACTION

## FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS

(On Behalf of the Wage Statement Class)

(Against All Defendants)

87. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

88. Labor Code § 226(a) states in pertinent part: "An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee...(4) all deductions...(5) net wages earned, (6) the inclusive dates of the period for which the employee is paid...(8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each the pay period and the corresponding number of hours worked at each hourly rate by the employee...".

89. Further, the IWC Wage Orders § 7(A) states in pertinent part: "(A) Every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and

total daily hours worked shall also be recorded...(5) Total hours worked in the payroll period and applicable rates of pay...."

90. Therefore, pursuant to Labor Code § 226(a) and the IWC Wage Orders § 7(A), California employers are required to maintain accurate records pertaining to the total hours worked for Defendants by the members of the Wage Statement Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, total wages paid, and the total hours worked per pay period and applicable rates of pay,

91. As a pattern and practice, in violation of Labor Code § 226(a) and the IWC Wage Orders § 7(A), Defendants did not and still do not furnish each of the members of the Wage Statement Class with an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) all deductions, (4) net wages earned and/or (5) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

92. As a pattern and practice, in violation of Labor Code § 226(a) and the IWC Wage Orders § 7(A), Defendants did not and do not maintain accurate records pertaining to the total hours worked for Defendants by the members of the Wage Statement Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

93. Plaintiffs and the members of the Wage Statement Class have suffered injury as a result of Defendants' failure to maintain accurate records for the members of the Wage Statement Class have suffered injury as a result of Defendants' failure to maintain accurate records for the members of the Wage Statement Class in that the members of the Wage Statement Class were not timely provided written accurate itemized statements showing all requisite information, including but not limited to total hours worked by the employee, gross wages earned, net wages earned, all deductions, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly at each hourly rate, in violation of Labor Code § 226 and the IWC Wage Orders § 7(A), such that the members of the Wage Statement Class were misled by Defendants as to the correct information regarding various items, including but not limited to total hours worked by the employee,

gross wages earned, net wages earned, all deductions, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

94. Pursuant to Labor Code § 226(e), the members of the Wage Statement Class are entitled to fifty dollars ($50.00) per employer for the initial pay period in which a violation hereunder occurs and one hundred dollars ($100.00) per employer for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00).

95. Pursuant to Labor Code § 226(h), the currently-employed members of the Wage Statement Class are entitled to injunctive relief to ensure Defendants' compliance with Labor Code § 226.

96. Pursuant to Labor Code § 226(e) and/or § 226(h), the members of the Wage Statement Class are also entitled to an award of costs and reasonable attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATIONS OF LABOR CODE §§ 2800 and 2802**

(On Behalf of the Failure to Pay Expenses Class Members)

(Against All Defendants)

97. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

98. Labor Code § 2800 and 2802 require employers to reimburse employee business-related expenses and costs. The Failure to Pay Expenses class incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants.

99. Defendants have intentionally and willfully failed to reimburse Plaintiffs and the other class members for all necessary business related expenses and costs. Plaintiffs and the other class members are entitled to recover from Defendants their business related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date of which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

100. Pursuant to CC § 3287, the members of the Failure to Pay Expenses Class seek recovery of prejudgment interest on all amounts recovered herein and attorney fees and costs under Labor Code §2802.

**EIGHTH CAUSE OF ACTION**

**VIOLATIONS OF LABOR CODE § 203**

(On Behalf of the LC 203 Class Members)

(Against All Defendants)

101. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

102. Labor Code § 203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code §§ 201 and 202 any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or until action therefore is commenced.

103. The members of the LC 203 Class are no longer employed by Defendants as they were either discharged from or quit Defendants' employ.

104. Defendants had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned wages of Defendants' former employees, according to amendment or proof.

105. Defendants willfully failed to pay the members of the LC 203 Class their entire wages due and owing at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for thirty (30) days thereafter.

106. Defendants' willful failure to pay wages to the members of the LC 203 Class violates Labor Code § 203 because Defendants knew or should have known wages were due to the members of the LC 203 Class, but Defendants failed to pay them.

107. Thus, the members of the LC 203 Class are entitled to recovery pursuant to Labor Code § 203, in the amount of each LC 203 Class members' daily wage multiplied by thirty (30) days.

108. Pursuant to CC § 3287, the members of the LC 203 Class seek recovery of prejudgment interest on all amounts recovered herein.

**NINTH CAUSE OF ACTION**

**UNFAIR BUSINESS PRACTICES**

(On Behalf of the 17200 Class)

(Against All Defendants)

109. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

110. B&PC § 17200 provides in pertinent part "...[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act...."

111. B&PC § 17205 provides that unless otherwise expressly provided, the remedies or penalties provided for unfair competition "are cumulative to each other and to the remedies or penalties available under all other laws of this state."

112. B&PC § 17204 provides that an action for any relief from unfair competition may be prosecuted by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

113. Defendants have engaged in unlawful, unfair and fraudulent business acts or practices prohibited by B&PC § 17200, including those set for the in the preceding and foregoing paragraphs of the complaint, thereby depriving Plaintiffs and all others similarly situated of the minimum working standards and conditions due to them under the Labor Code and/or the IWC Wage Orders, as specifically described herein.

114. Defendants have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs, specifically, by requiring employees to perform the labor services complained of herein without the requisite compensation.

115. Defendants' use of such practices constitutes an unfair business practice, unfair competition and provides and unfair advantage over Defendants' competitors.

116. Plaintiffs have suffered injury in fact and have lost money or property as a result of such unfair competition.

117. Plaintiffs seek full restitution from Defendants, as necessary and according to proof, restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

118. Further, if Defendants are not enjoined as set forth, above, Defendants will continue to practice, employ and utilize the employment practices outlined in the preceding paragraphs.

119. Therefore, Plaintiffs request that the Court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

120. Plaintiffs seek the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendants.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

That the Court issue an Order certifying the Classes herein, appointing all named Plaintiffs as representative of all others similarly situated, and the law firm representing all named Plaintiffs as counsel for the members of the Classes;

As to the First Cause of Action for Failure to Pay Overtime wages:

a. For recovery of the unpaid balance of the full amount of overtime compensation due and owing, calculated at the appropriate rate and according to proof;

b. For pre-judgment interest as allowed by Labor Code § 218.6, Labor Code § 1194(a) and CC § 3287;

c. For an award of reasonable attorneys' fees and costs pursuant to Labor Code § 1194(a);

As to the Second Cause of Action for Failure to Pay Minimum Wages

d. For recovery of liquidated damages, on the straight-time portion of uncompensated hours of work (not including the overtime portion thereof) in an amount equal to the wages unlawfully unpaid and interest thereon.

e. Pursuant to Labor Code §218.6, Labor Code §1194(a) and CC §3287, the members of the Minimum Wage Class seek recovery of pre-judgment interest on all amounts recovered herein.

f. Pursuant to Labor Code §1194(a), the members of the Minimum Wage Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action

As to the Third Cause of Action for Failure to Pay Overtime Wages at the Legal Overtime Pay Rate:

g. For damages, as set forth in Labor Code §1194(a) and the IWC Wage Order(s) regarding wages due and owing, according to proof'

h. For pre-judgment interest as authorized by Labor Code § 218.6, Labor Code §1194(a), and CC § 3287;

i. For an award of reasonable attorneys' fees and costs pursuant to Labor Code § 218.5 and/or Labor Code §1194(a);

As to the Fourth Cause of Action for Failure to Provide Meal Periods or Compensation in Lieu of:

j. For one (1) hour of pay at the regular rate of compensation for each member of the Meal Period Class for each workday that a meal period was not provided;

k. For pre-judgment interest as authorized by Labor Code § 218.6 and CC § 3287;

As to the Fifth Cause of Action for Failure to Authorize and Permit Paid Rest Periods:

l For one (1) hour of pay at the regular rate of compensation for each member of the Rest Period for each workday that a meal or rest period was not provided;

m. For pre-judgment interest as authorized by Labor Code § 218.6 and CC § 3287;

n. For an award of reasonable attorneys' fees and costs pursuant to Labor Code;

As to the Sixth Cause of Action for Failure to Timely Furnish Accurate Itemized Wage Statements:

o. For recovery as authorized by Labor Code § 226(e);

p. For injunctive relief to ensure Defendants' compliance with Labor Code § 226 and the IWC Wage Orders § 7(A) pursuant to Labor Code § 226(h);

q. For an award of costs and reasonable attorneys' fees pursuant to Labor Code § 226(e) and/or § 226(h);

As to the Seventh Cause of Action for Violations of Labor Code §2800 and 2802

r. for compensatory damages in an amount according to proof;

s. for prejudgment interest;

t for reasonable attorney fees and costs;

As to the Eighth Cause of Action for Violations of Labor Code §203:

u. For recovery as authorized by Labor Code § 203;

v. For pre-judgment interest as allowed CC § 3287;

As to the Ninth Cause of Action for Unfair Business Practices:

w. For an accounting, under administration of Plaintiffs and/or receiver and subject to Court review, to determine the amount to be returned by Defendants, and the amounts to be refunded to members of the Classes who are owed monies by Defendants;

x. For an Order requiring Defendants to identify each of the members of the Classes by name, home address, and home telephone number;

y. For an Order requiring Defendants to make full restitution and payment pursuant to California law;

z. For an Order for a preliminary and /or permanent injunction prohibiting Defendants from engaging in the acts complained of herein;

aa. For the creation of an administrative process wherein each injured member of the Classes may submit a claim in order to receive his/her money;

bb. For all other appropriate injunctive, declaratory and equitable relief;

cc. For interest to the extent permitted by law;

dd. For an award of attorneys' fees and costs incurred in the investigation, filing and prosecution of this action pursuant to CCP § 1021.5, B&PC § 17200, et. seq., Labor Code §§ 1194, 2800, et seq. and/or any other applicable provision of law;

As to All Causes of Action:

ee. For such other and further relief as this Court may deem just and proper; and

ff. For reasonable attorneys' fees and costs incurred.

## VII. DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

DATED: August 29, 2022

KOKOZIAN LAW FIRM, APC

By: [signature]

Bruce Kokozian, Esq.
Attorneys for Plaintiff