# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS SWANS, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>　　　　　　　　Plaintiff,<br>　　　v.<br>FIELDWORKS, LLC, a District of Columbia limited liability company; and DOES 1 through 100, inclusive,<br>　　　　　　　　Defendants. | Case No. 2:22-cv-07250-SPG-MRW<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 11]** |

Before the Court is Plaintiff Travis Swans' motion to remand this proposed class action to the Superior Court of California for the County of Los Angeles. (ECF No. 11). Defendant opposes. (ECF No. 15). Having considered the parties' submissions, the relevant law, and the record in this case, the Court finds that the matter is suitable for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); Central District of California Local Rule 7-15. For the reasons stated below, the Court **DENIES** Plaintiff's Motion to Remand.

## I. BACKGROUND

Plaintiff Travis Swans alleges that Defendant Fieldworks, LLC has violated California's wage and hour laws. (ECF No. 1-1). On August 30, 2022, Plaintiff filed a putative class action complaint in the Superior Court of California for the County of Los Angeles ("LASC"). (*Id.*). Plaintiff asserts nine causes of action alleging a wide range of wage and hour violations under the California Labor Code, including claims of unpaid wages, unpaid overtime, statutory penalties, liquidated damages, and statutory attorneys' fees and costs. (*Id.*). On October 5, 2022, Defendants timely removed this action from LASC pursuant to 28 U.S.C. § 1332. (ECF No. 1 ("NOR")). On October 25, 2022, Plaintiff timely filed a motion to remand back to the LASC. (ECF No. 11 ("Mot.")). Defendants opposed on December 27, 2022, (ECF No. 35 ("Opp.")),[1] and Plaintiff replied on January 4, 2023. (ECF No. 36 ("Reply")).

## II. LEGAL STANDARD

To remove a case from a state court to a federal court, a defendant must file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). When removal is based on diversity of citizenship, the amount in controversy must exceed $75,000 and the parties must be diverse. 28 U.S.C. § 1332. In a class action brought outside the Class Action Fairness Act ("CAFA"), at least one named plaintiff in the class must satisfy the $75,000 amount in controversy requirement. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *see also Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 398 (9th Cir. 2010) ("Prior to CAFA, a class action could be heard in federal court under diversity jurisdiction only if there was complete diversity, i.e., all class representatives were diverse from all defendants, and if at least one named plaintiff satisfied the amount in controversy requirement of more than $75,000."); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001) (holding that "if a named

---

[1] The Court grants Defendant's unopposed request for judicial notice of Plaintiff's counsel's court filings. *See* (ECF No. 16); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

plaintiff in a diversity class action has a claim with an amount in controversy in excess of $75,000, 28 U.S.C. § 1367 confers supplemental jurisdiction over claims of unnamed class members irrespective of the amount in controversy in those claims").

The party invoking the removal statute bears the burden of establishing that federal subject-matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Moreover, if it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121-22 (9th Cir. 2013) (internal citations and quotation marks omitted).

## III. DISCUSSION

Plaintiff argues that Defendant has failed to establish that the amount in controversy[2] exceeds $75,000 for two reasons. First, Defendant's calculation of attorneys' fees erroneously includes future fees rather than only those fees incurred at the time of removal. And second, Defendant's calculation of attorneys' fees is speculative and unsupported.[3]

First, Plaintiff misstates the law—there is no split in authority as to whether attorneys' fees should be calculated at the time of removal. Controlling Ninth Circuit precedent holds that "a court must include future attorneys' fees recoverable by statute or

---

[2] The parties agree that complete diversity exists between Plaintiff and Defendant. *See* (NOR at 4 (Plaintiff is a resident of California. Defendant is a limited liability company duly organized and existing under the laws of the State of District of Columbia, with its principal place of business in Washington, D.C. Its two members are residents of the state of Oregon and the state of Maryland.)).

[3] Plaintiff does not dispute the accuracy or reasonableness of Defendant's calculation of $20,560 in California Labor Code violations. Having reviewed Defendant's calculation in its NOR, the Court agrees that $20,560 is reasonable based on Plaintiff's allegations in the Complaint.

contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). In his reply brief Plaintiff acknowledged that *Fritsch* requires future attorneys' fees to be included in the amount in controversy where authorized by a fee-shifting statute like here. *See Fritsch*, 899 F.3d at 795.[4]

Second, Defendant has proved beyond a preponderance of evidence that the amount in controversy exceeds $75,000 based on approximately $20,000 in damages and $60,000 in attorneys' fees. To determine whether Defendant has met its burden, the Court considers the complaint, allegations in the NOR, and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Fritsch*, 899 F.3d at 794 (quoting *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)). Notably, the "amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (quoting *Lewis*, 627 F.3d at 400).

Here, Defendant's estimate assumes that Plaintiff's counsel will spend a minimum of 100 hours of work prosecuting this putative class action while billing an hourly rate of $600. Plaintiff does not dispute the reasonableness of a $600 hourly rate.[5] Rather, Plaintiff argues only that the parties likely will soon reach a settlement agreement and therefore it is unreasonable to estimate that Plaintiff's counsel will spend at least 100 hours litigating

---

[4] Plaintiff also appears to argue that including approximately 60% of the $75,000 threshold as attorneys' fees is improper. (Mot. at 7). However, Plaintiff again is mistaken. The Ninth Circuit has held that the amount in controversy ought to reflect "the *maximum recovery* the plaintiff could reasonably recover." *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (explaining that when we assess the amount in controversy at the time of removal, we must include all relief to which a plaintiff is entitled if the action succeeds"); *Arias*, 936 F.3d at 927.

[5] The Court agrees that Defendant's calculation using a $600 rate is conservative based on court filings from more than 15 years ago in which Plaintiff's counsel reported his rate to be $425, plus $175 due to his increases in professional experience and successes over the years. (Torrey Decl. ¶¶ 6, 7).

this case. (Reply at 3). In *Fritsch*, the Ninth Circuit recognized that although an estimate of future attorneys' fees may at times be "too speculative because of the likelihood of a prompt settlement," such fees are not "inherently speculative" and should be included in appropriate cases. 899 F.3d at 794-95.

The Court finds Defendant's estimate to be entirely reasonable and not overly speculative. In support of its opposition, Defendant submitted a declaration from its counsel of record, Rebecca L. Torrey. (ECF No. 15-1 ("Torrey Decl.")). According to Torrey's Declaration, Plaintiff's counsel already has spent time preparing the Summons and Complaint, meeting and conferring with defense counsel regarding the first set of requests for production and interrogatories from Plaintiff to Defendant, researching and preparing the Motion and a reply brief, meeting with opposing counsel on December 21, 2022, and discussing and preparing the parties' proposed Rule 26 discovery plan. (Torrey Decl. ¶ 8). Defendant also expects that Plaintiff's counsel will participate in mediation, will take and defend depositions, and will depose expert witnesses in the coming months. (*Id.*). As Defendant aptly points out, "an attorney handling an individual wage-and-hour case 'typically spends far more than 100 hours on the case.'" *Hernandez v. Aramark Food & Support Servs. Grp., Inc.*, No. 20-CV-03633-EJD, 2020 WL 5496172, at *5 (N.D. Cal. Sept. 11, 2020) (quoting *Lippold v. Godiva Chocolatier, Inc.*, No. C 10-00421 SI, 2010 WL 1526441, at *4 (N.D. Cal. Apr. 15, 2010)); *see also Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) ("Recent estimates for the number of hours expended through trial for employment cases in this district have ranged from 100 to 300 hours."). Although the parties indicate that settlement is likely, based on similar cases with similar factual allegations and causes of actions, the Court agrees with Defendant that its estimate of $60,000 in recoverable attorneys' fees is reasonable based on the evidence provided. As such, the Court finds the total amount in controversy exceeds $75,000, as is required by 28 U.S.C. § 1332.

//
//

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

DATED: January 17, 2023

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE