Bruce Kokozian, Esq. (SBN 195723)
Brian Andrews, Esq. (SBN 234306)
bkokozian@kokozianlawfirm.com
bandrews@kokozianlawfirm.com
**KOKOZIAN LAW FIRM, APC**
10940 Wilshire Blvd., Ste 1200
Los Angeles, CA 90024
Telephone Number: (323) 857-5900
Fax Number: (310) 275-6301

Attorneys for Plaintiff
TRAVIS SWANS,
on behalf of himself and all others similarly situated

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS SWANS, an Individual, on behalf of himself and all others similarly situated <br><br> Plaintiffs, <br><br> v. <br><br> FIELDWORKS, LLC, a District of Columbia limited liability company; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. 2:22-cv-07250 SPG (MRWx) <br><br> Judge: Hon. Sherilyn Peace Garnett <br><br> Magistrate: Hon. Michael R. Wilner <br><br> **CLASS ACTION** <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date: April 3, 2024 <br> Time: 1:30 p.m. <br> Location:  Courtroom 5C <br><br> Complaint Filed: August 30, 2022 <br> Notice of Removal: October 5, 2022 <br> Trial: June 4, 2024 |

TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 3, 2024 at 1:30 p.m., or as soon thereafter

1

as the matter may be heard in Courtroom 5C of this Court, located at 350 West First Street, Los Angeles, California 90012, Plaintiff Travis Swans ("Plaintiff"), individually and on behalf of the class he seeks to represent, by and through his attorneys of record, will move for an order that this case be maintained as a class action for the purposes of settlement under Federal Rule of Civil Procedure ("Rule") 23, on behalf of a settlement class comprised of Plaintiff and all other persons similarly situated, for an order directing notice to the class, and for a scheduling order setting a Fairness Hearing for final approval of the proposed settlement.

This motion is based upon this notice, the accompanying Memorandum of Points and Authorities, the Declarations of Bruce Kokozian, Esq., Brian Andrews, Esq., and Travis Swans, and all documents and arguments in support thereof.

The parties to this action hereby jointly request the following relief:

1. Preliminary approval of the Class Action Settlement (Class and Representative Action Settlement Agreement ("Settlement Agreement")), attached as **Exhibit 1** to the Declaration of Bruce Kokozian ¶ 7), which has been reached between them, so that they may proceed with notice to the class and to a Fairness Hearing for Final Settlement Agreement approval;

2. Conditional certification of the Settlement Class defined in the Settlement Agreement for settlement purposes pursuant to Rule 23, the appointment of Plaintiff Travis Swans as the Settlement Class Representative, and the appointment of Bruce Kokozian and Brian Andrews of Kokozian Law Firm, APC as Settlement Class Counsel.

3. An Order directing the dissemination of the Notice of Proposed Settlement of Class Action and Representative Action and Hearing Date for Final Court Approval, via United States First-Class Mail, in the form attached as **Exhibit "A"** to the Settlement Agreement.

4. Appointment of Simpluris, Inc. as the Settlement Administrator;

5. Preliminarily barring any Settlement Class Members or those purporting to be Settlement Class Members, unless they have timely excluded themselves from the

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Settlement Class as provided in Section III.E.3.c. <u>Election Not to Participate in Settlement</u> of the Settlement Agreement, from commencing or continuing to prosecute any action if such other action is based on or relates to the allegations and claims in this Action;

6. An Order setting a schedule for the dissemination of notice to the Settlement Class; deadlines for Settlement Class Members to opt-out of the Settlement; and deadlines for Settlement Class Members to object to the settlement; or to enter an appearance through counsel; deadlines for Settlement Class Members to dispute the pay periods allocated to them, and for a Fairness Hearing to address final approval of the Class Action Settlement Agreement following the notice period.

7. Any other relief that the Court deems just and equitable under the circumstances.

Respectfully submitted,

Dated: February 28, 2024                    Kokozian Law Firm, APC


By:  *Brian Andrews*
     Brian Andrews
     Attorneys for Plaintiff

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

# **TABLE OF CONTENTS**

Page

I.   INTRODUCTION/SUMMARY OF CLAIMS ...................................................... 1

     A. THE PLEADINGS ...................................................................... 1

II.  BACKGROUND ........................................................................... 1

     A. THE PROPOSED SETTLEMENT TERMS ...................................................... 2

     B. THE KEY TERMS OF THE SETTLEMENT'S MONETARY BENEFITS ... 3

        1. PAGA Fund and Payment to the Labor and Workforce Development

        Agency ............................................................................ 3

        2. Individual Payment to the Putative Classes...................................... 3

        3. Proposed Class Representative Service Payment .................................. 3

     C. ATTORNEYS' FEES AND EXPENSES......................................................... 3

     D. THE SETTLEMENT CLASS REPRESENTATIVE AND SETTLEMENT

        CLASS COUNSEL....................................................................... 4

     E. CLASS NOTICE......................................................................... 4

     F. THE SETTLEMENT ADMINISTRATOR WAS SELECTED AFTER

        OBTAINING MULTIPLE BIDS............................................................. 4

III. LEGAL ARGUMENT AND STANDARD .......................................................... 5

     A. THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED

        BECAUSE THE REQUIREMENTS FOR CLASS CERTIFICATION UNDER

        RULE 23 ARE MET...................................................................... 5

        1. The Numerosity Requirement is met................................................ 6

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

2.  The Commonality requirement is met.........................................................7

3.  The typicality requirement is met.............................................................7

4.  The Adequacy requirement is met.............................................................7

5.  The requirements of 23(b) are met............................................................8

B.  THE FORM AND MANNER OF NOTICE TO THE CLASS SATISFIES

FED.R.CIV. P. 23(e)(1) AND SHOULD BE APPROVED...............................9

C.  THE PROPOSED SETTLEMENT SATISFIES FED.R.CIV. P. 23(e)(2)

BECAUSE IT IS FAIR, REASONABLE AND ADEQUATE.........................11

D.  KOKOZIAN LAW FIRM, APC SHOULD BE APPOINTED CLASS

COUNSEL.................................................................................................12

1.  The Class Representative and Class Counsel Have Adequately

Represented the Class...............................................................................12

2.  The Proposal Was Negotiated at Arm's Length.....................................13

3.  The Relief Provided for the Class Is Adequate.......................................13

a.  The Costs, Risks and Delay of Trial and Appeal......................13

E.  THE SETTLEMENT, NOTICE PLAN, AND PLAN OF ALLOCATION

WARRANT PRELIMINARY APPROVAL......................................................14

1.  The Settlement Should Be Preliminarily Approved................................14

2.  The Effectiveness of Any Proposed Method of Distributing Relief to

the Class, Including the Method of Processing Class-Member Claims..16

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

3.   The Terms of Any Proposed Award of Attorneys' Fees, Including

Timing of Payment......................................................................17

4.   Any Agreement Required to Be Identified Under Rule 23(e)(3) ...........17

5.   The Proposal Treats Class Members Equitably to Each Other..............17

F.   The Notice Plan Should Be Preliminarily Approved.......................................18

IV. PROPOSED SCHEDULE OF EVENTS..................................................................18

V. CONCLUSION..............................................................................................................20

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

# **TABLE OF AUTHORITIES**

Page

**FEDERAL CASES**

*Acosta v. Evergreen Moneysource Mortgage Company*,
   2018 WL 3831004 at *2 (E.D. Cal. Aug. 13, 2018) ............................................. 5

*Amchem Prods., Inc. v. Windsor*
   521 U.S. 591, 613-14 (1997) ................................................................................. 6

*AT&T Mobility LLC v. Concepcion*
   563 U.S. 333, 349 (2011) ................................................................................... 9-10

*Bailey v. Verso Corp.*
   337 F.R.D. 500, 507 (S.D. Ohio 2021) .................................................................. 8

*Bayat v. Bank of the West*
   2015 WL 1744342, at *4 (N.D. Cal. Apr. 15, 2015) .......................................... 15

*Bravo v. Gale Triangle, Inc.*
   2017 WL 708766, *10 (C.D. Cal. Feb. 16, 2017) ............................................... 16

*Churchill Vill, LLC v. Gen. Elec*
   361 F.3d 566, 575 (9th Cir. 2004) ................................................................. 10, 18

*Class Plaintiffs v. City of Seattle*
   955 F.2d 1268, 1276 (9th Cir. 1992) ..................................................................... 5

*Does I v. Gap, Inc.*
   No. CV-01-0031, 2002 WL 1000073, at *13 (D.N. Mar. Is. May 10, 2002) ..... 15

*Eisen v. Carlisle & Jacquelin*
   417 U.S. 156, 175 (1974) ..................................................................................... 18

*Evon v. Law Offices of Sidney Mickell*
   688 F.3d 1015, 1029 (9th Cir. 2012) ..................................................................... 7

*Foster v. Adams & Assocs., Inc.*
   2019 WL 4305538, at *3 (N.D. Cal. Sept. 11, 2019) ............................................ 6

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

*Hanlon v. Chrysler Corp.*

    150 F.3d 1011, 1019-1022 (9th Cir. 1998) ..................................................... 6, 12

*Harris v. Palm Springs Alpine Estates, Inc.*

    329 F.2d 909, 913-14 (9th Cir. 1964) ..................................................... 6

*Johnson v. Serenity Transp., Inc.*

    No. 15-CV02004, 2021 WL 3081091, at *4 (N.D. Cal. July 21, 2021) .............. 6

*Kamar v. Radio Shack Corp.*

    254 F.R.D. 387, 399 (C.D. Cal. 2008) ..................................................... 8

*Kanawi v. Bechtel Corp.*

    254 F.R.D. 102,110................................................................................. 7

*Lerwill v. Inflight Motion Pictures, Inc.*

    582 F.2d 507, 512 (9th Cir. 1978) ..................................................... 13

*Litty v. Merrill Lynch & Co., Inc.*

    2015 WL 4698475, at *9 (C.D. Cal. Apr. 27, 2015) ..................................... 15-16

*Monterrubio v. Best Buy Stores, L.P.*

    291 F.R.D. 443, 452-53 (E.D. Cal. 2013) ................................................ 10

<u>*Murillo v. Pac. Gas & Elec. Co.*</u>

    266 F.R.D. 468, 473 (E.D. Cal. 2010) ..................................................... 11

*Natl Rural Telecommc'ns Coop. v. DIRECTV, Inc.*

    221 F.R.D. 523, 525 (CD. Cal. 2004) ..................................................... 11

*Peters v. Nat'l R.R. Passenger Corp.*

    966 F.2d 1483, 1486 (D.C. Cir. 1992) ..................................................... 18

*Pfeifer v. Wawa, Inc.*

    2018 WL 4203880, at *9 (E.D. Pa. Aug. 31, 2018) ..................................... 15

*Redwen v. Sino Clean Energy, Inc.*

    No. CV 11-3936 PA (SSx), 2013 WL 12303367, at *6 (C.D. Cal. July 9, 2013)..16

*Rites v. Ariz. Beverages USA LLC*

    287 F.R.D. 523, 526 (N.D. Cal. 2012) ..................................................... 6

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

*Rodriguez v. West Publishing Corp.*

    563 F.3d 948, 965 (9th Cir. 2009) ....................................................... 13

*Roes v. SFBSC Mgmt., LLC*

    944 F.3d 1035, 1055 (9th Cir. 2019) ..................................................... 4

*Slezak v. City of Palo Alto*

    No. 16-CV-03224-LHK, 2017 WL 2688224, at *5 (N.D. Cal. June 22, 2017)... 14

*Spann v. J.C. Penney Corporation*

    314 F.R.D. 312, 330 (C.D. Cal. Jan. 25, 2016) ................................. 10

*Staton v. Boeing Co.*

    327 F.3d 938, 952, 959 (9th Cir. 2003) ........................................... 5-6

*Surowitz v. Hilton Hotels Corp.*

    383 U.S. 363, 373 (1966) .................................................................... 8

*Tadepalli v. Uber Techs., Inc.*

    No. 15-CV-04348-MEJ, 2015 WL 9196054, at *9

    (N.D. Cal. Dec. 17, 2015) ............................................................ 14-15

*Urakhchin v. Allianz Asset Mgt. of Am., L.P.*

    SACV151614, 2018 WL 3000490, at *5 (C.D. Cal. Feb. 6, 2018) ............. 14, 15

*Valentino v. Carter-Wallace, Inc.*

    97 F.3d 1227, 1234 (9th Cir. 1996) ..................................................... 9

*Viceral v. Mistras Grp., Inc.*

    No. 15-CV-02198, 2016 WL 5907869, at *8 (N.D. Cal. Oct. 11, 2016) ........... 14

*Wal-Mart Stores, Inc. v. Dukes*

    564 U.S. 338, 350 (2011) .................................................................... 7

*Wright v. Linkus Enterprises, Inc.*

    259 F.R.D. 468, 473 (E.D. Cal. 2009) ................................................. 9

*Yamada v. Nobel Biocare Holding AG*

    825 F.3d 536, 546 (9th Cir. 2016) .................................................... 3-4

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

## FEDERAL STATUTES

Fed.R.Civ.P. 23 ............................................................................................. 1

Fed.R.Civ.P. 23(e) ....................................................................................... 1

Fed.R.Civ.P. 23(e)(2)(A) .......................................................................... 13

Fed.R.Civ.P. 23(e)(2)(B) .......................................................................... 13

Fed.R.Civ.P. 23(e)(2)(C)(i) ....................................................................... 13

Fed.R.Civ.P. 23(e)(2)(C)(ii) ...................................................................... 16

Fed.R.Civ.P. 23(e)(2)(C)(iii) ..................................................................... 17

## CALIFORNIA STATUTES

California Labor Code § 2699(i) ................................................................. 3

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

## MEMORANDUM OF POINTS AND AUTHORITIES
## I.    INTRODUCTION/SUMMARY OF CLAIMS

**A.    THE PLEADINGS**

In accordance with Fed.R.Civ.P. 23(e), Plaintiff respectfully requests that the Court preliminarily approve this $135,000 non-reversionary settlement (Class and Representative Action Settlement Agreement ("Settlement" or "Settlement Agreement")), attached as **Exhibit 1** to the Declaration of Bruce Kokozian ("Kokozian decl.") ¶ 7) that was negotiated at arms-length between counsel in an all-day mediation on April 11, 2023, presided over by Judge Dickran Tevrizian (ret.), a respected mediator of wage and hour representative and class actions.

The settlement amount is fair, adequate, and reasonable given the strengths and risks of, and costs and delay involved in, litigating the case through trial and appeal.

Plaintiff's counsel will seek attorney's fees of one-third of the gross settlement amount plus out-of-pocket expenses incurred in prosecuting this action. Under the "lodestar" and/or "percentage-of-recovery" methods applied in this Circuit, Plaintiff's counsel seeks an upward adjustment from the 25% benchmark award.

The claims administrator will send a notice that includes basic information including a summary of the settlement, a description of the nature of the action, a description of who is a class member, the definition of the proposed class, a description of the class claims, identification of  Settlement Class Counsel, information directing Settlement Class Members to the Settlement Website and instructions on how to proceed; along with other notice requirements as set forth in Fed.R.Civ.P. 23.

For the reasons set forth below, this Court should grant preliminary approval of the Settlement.

## II. BACKGROUND

On August 30, 2022, Plaintiff filed a class action complaint in the Superior Court of the State of California for the County of Los Angeles, individually and on behalf of a purported class of similarly situated employees. In the Class Action

Complaint, Plaintiff asserted claims for (1) Failure to Pay Overtime Wages; (2) Failure to Pay Minimum Wages; (3) Failure to Pay Overtime Wages at the Legal Overtime Pay Rate; (4) Failure to Provide Meal Periods or Compensation in Lieu of; (5) Failure to Provide Paid Rest Periods; (6) Failure to Timely Furnish Accurate Itemized Wage Statements; (7) Failure to Reimburse Employee Expenses in violation of Labor Code §§ 2800 and 2802; (8) Violation of Labor Code § 203; and (9) Unfair Business Practices.

On October 05, 2022, Defendant Fieldworks, LLC ("Defendant") removed the matter to this court on the basis of diversity jurisdiction. Plaintiff filed a motion to remand, which this Court denied on January 17, 2023.

On February 28, 2023, pursuant to this Court's order on a joint stipulation, Plaintiff filed a First Amended Complaint ("FAC") to add a representative action under the Private Attorneys General Act of 2004 ("PAGA"). The FAC remains the operative complaint.

On April 11, 2023, the Parties attended mediation with Hon. Dickran Tevrizian (Ret.), a retired Judicial Officer of this Court and an experienced mediator of wage and hour class actions. The Parties reached a settlement pursuant to a memorandum of understanding. Thereafter, the Parties reached a long form agreement (Class and Representative Action Settlement Agreement) on November 20, 2023. Plaintiff counsel knows of no other cases affected by this settlement. (Kokozian Decl. ¶ 32.)

## A. THE PROPOSED SETTLEMENT TERMS

The proposed Settlement Class is defined as follows: Named Class Representative, Travis Swans ("Swans"), seeks to represent a class/classes that includes Defendant's non-exempt employees, both current and former, who performed services in the state of California from August 30, 2018 through August 30, 2022. (Settlement Agreement ¶ I. D.) Swans is a former employee of Defendant. (Declaration of Travis Swans "Swans Decl." ¶ 4.) The identified non-exempt employees were all hourly paid as alleged in the FAC.

///

## B. THE KEY TERMS OF THE SETTLEMENT'S MONETARY BENEFITS

### 1. PAGA Fund and Payment to the Labor and Workforce Development Agency

$10,000 of the class settlement amount shall be allocated for settlement of claims for civil penalties under PAGA, Labor Code section 2699, et seq., pursuant to Labor Code section 2699(i), 75% of that amount ($7,500) will be paid to the Labor and Workforce Development Agency. The remaining 25% ($2,500) will be distributed to the Aggrieved Employees based on their respective pay periods worked during the PAGA Period. (Settlement, ¶ III.B.3 The PAGA Payment.)

### 2. Individual Payment to the Putative Classes

The net settlement amount will be paid to the Class in the form of Individual Settlement Payments based on each Class Members' Total Workweeks with no claim form and no reversion to Defendant. (Settlement, III.C. Payments From the Net Settlement Amount.)

### 3. Proposed Class Representative Service Payment

Plaintiff Travis Swan is seeking a class representative service payment of $5,000. (Settlement, III.B.1. To Named Plaintiff.)

## C. ATTORNEYS' FEES AND EXPENSES

Plaintiff's counsel will file a motion for an award of reasonable attorneys' fees and reimbursement of litigation costs and expenses prior to the final fairness hearing or on another date set by the Court. Class Counsel intends to seek up to one-third of the Settlement Fund (i.e., $45,000) as attorneys' fees, and no more than $15,000 as reimbursement of expenses (Kokozian Decl., ¶ 18.) (Settlement, ¶ III.B.2. To Class Counsel.) Any approved fees and expenses will be paid out of the Gross Settlement Amount.

This Circuit permits two methods of calculating attorneys' fee awards in class actions: (1) the "lodestar" method, and (2) the "percentage-of-recovery" method. *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 570 (9th Cir. 2019). Under the lodestar method, the court multiplies the number of hours the prevailing party reasonably spent on

litigation by a reasonable hourly rate to determine a presumptively reasonable fee award. See *Yamada v. Nobel Biocare Holding AG*, 825 F.3d 536, 546 (9th Cir. 2016). The court may then "adjust" the award "by an appropriate positive or negative multiplier reflecting . . . the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 941–42 (quoting Hanlon, 150 F.3d at 1029). Benefit to the class is the "[f]oremost" consideration. Id. at 942.

The percentage-of-recovery approach may be used "where the defendants provide monetary compensation to the plaintiffs" and class benefit is easy to quantify. See *In re Hyundai*, 926 F.3d at 570. Under this method, "the court simply awards the attorneys a percentage of the fund sufficient to provide class counsel with a reasonable fee." *Hanlon*, 150 F.3d at 1029. Injunctive relief is inherently difficult to monetize. *Yamada*, 825 F.3d at 547. Thus, a district court must exercise caution when using the value of injunctive relief to determine proportional attorneys' fees and should generally avoid valuing hard-to-measure injunctive relief altogether, "because of the danger that parties will overestimate the value of injunctive relief in order to inflate fees." *Roes v. SFBSC Mgmt.*, LLC, 944 F.3d 1035, 1055 (9th Cir. 2019).

Accordingly, Class Counsel has provided a tremendous benefit to the class that is easy to quantify. Thus, the attorneys' fee sought is not only justified, but should be awarded by this Court.

**D. The Settlement Class Representative and Settlement Class Counsel**

Plaintiff Travis Swans seeks to represent the putative classes and Kokozian Law Firm, APC is seeking to be appointed as class counsel.

**E. Class Notice**

The Parties have agreed upon a class notice (**Exhibit A** to the Class and Representative Action Settlement Agreement**).**

**F. The Settlement Administrator Was Selected After Obtaining Multiple Bids**

Class counsel obtained multiple bids before deciding on Simpluris, Inc. as settlement administrator. (Kokozian Decl. ¶ 23.) Simpluris, Inc. will establish a

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

settlement fund that meets the requirements of a Qualified Settlement Fund under US Treasury Regulation section 468B-1.

### III. LEGAL ARGUMENT AND STANDARD

**A.     The Settlement should be preliminarily approved because the requirements for class certification under Rule 23 are met**

Class action settlements are permitted "only with the court's approval ...after a hearing and only on a finding that [the agreement] is fair, reasonable, and adequate." Rule 23(e). Courts certify proposed class-settlement actions in two phases. First, the court holds a preliminary fairness hearing to determine whether provisional class certification is appropriate and whether the proposed settlement is fair. Then, after all absent class members are notified about the litigation and given a chance to object or opt-out, the court holds a final fairness hearing. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011).

The Ninth Circuit has declared that a strong judicial policy favors settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). Nevertheless, where, as here, "parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both [I] the propriety of the certification and [II] the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). "This independent judicial review protects the due process rights of absent class members who have not yet appeared" especially where, as here, "the settlement agreement is negotiated in their absence." *Acosta v. Evergreen Moneysource Mortgage Company*, 2018 WL 3831004 at *2 (E.D. Cal. Aug. 13, 2018) (citing *Bluetooth*, 654 F.3d at 946).

In determining whether a proposed settlement is fair, adequate and reasonable, courts must balance a number of factors, including: "(1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and

(8) the reaction of the class members to the proposed settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2002).

Rule 23(a) establishes four prerequisites for class action litigation: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Fed. R. Civ. P. 23(a). *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613-14 (1997). Class certification under Rule 23 has two primary components: a proposed class must meet the four requirements of Rule 23(a) and the requirements of at least one subsection of Rule 23(b). *See id.*; Fed. R. Civ. P. 23; *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019-1022 (9th Cir. 1998). The putative class here satisfies these requirements.

The Court further should preliminarily determine whether the Settlement is fair, reasonable, and adequate. "At the preliminary approval stage, 'the settlement need only be potentially fair.'" *Johnson v. Serenity Transp., Inc.*, No. 15-CV02004, 2021 WL 3081091, at *4 (N.D. Cal. July 21, 2021) (citation omitted).

### 1. The Numerosity Requirement is met

The numerosity requirement of Rule 23 requires that a putative class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). However, "[i]mpracticability is not impossibility, and instead refers only to the 'difficult or inconvenience of joining all members of the class.'" *Foster v. Adams & Assocs., Inc.* 2019 WL 4305538, at *3 (N.D. Cal. Sept. 11, 2019) (finding that this factor was "easily satisfied" with 2,766 vested plan participants) (citing *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964)). While no specific number is needed to maintain a class action, courts in this Circuit have routinely found that a class greater than 40 often satisfies the requirement, let alone with thousands of putative class members. *See id.* (citing *Rites v. Ariz. Beverages USA LLC,* 287 F.R.D. 523, 526 (N.D. Cal. 2012)). Here, Class Counsel estimates that there are approximately 1038 Settlement Class members. Thus, the proposed Class easily meets Rule 23(a)'s numerosity requirements.

### 2. The Commonality requirement is met

The commonality prerequisite of Rule 23 requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2)2. Commonality involves "the capacity of a classwide proceeding to generate common *answers* apt to drive resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (internal quotations omitted). This occurs when there is at least one common question, the determination of which "will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* Courts in this Circuit find "[t]he existence of shared legal issues with divergent factual predicates is sufficient [to meet the commonality requirement], as is a common core of salient facts coupled with disparate legal remedies within the class." *Foster*, 2019 WL 4305538, at *3 (citations omitted). Ultimately, commonality only asks the court to look "for some shared legal issue or common core of facts" and "requires the plaintiff to demonstrate the class members have suffered the same injury." (*Id.* citing *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1029 (9th Cir. 2012)).

### 3. The typicality requirement is met

The typicality prerequisite of Rule 23 requires that the claims of the representative plaintiffs be typical of the claims of the class. *See* Fed. R. Civ. P. 23(a)(3). Typicality is met when "other members have the same or similar injury, . . . the action is based on conduct which is not unique to the named plaintiffs, and . . . other class members have been injured by the same course of conduct." See *Kanawi v. Bechtel Corp.*, 254 F.R.D. 102,110 . Like commonality, typicality is a "permissive" standard and "the focus should be on the defendants' conduct and plaintiff's legal theory, not the injury caused to the plaintiff." Id. The claims of named plaintiff are typical of the claims of the proposed class.

### 4. The Adequacy requirement is met

Representative plaintiffs must also show that they will "fairly and adequately protect the interests of this class." Fed. R. Civ. P. 23(a)(4). This inquiry analyzes

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

"whether any conflicts of interest exist between the named plaintiffs and the class members" and "whether the named Plaintiffs' counsel will adequately protect the interests of the class." *Kanawi*, 254 F.R.D. at 109.

A class representative needs only a basic understanding of the claims and a willingness to participate in the case, requirements that plaintiff here easily surpasses. *See Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 373 (1966). Plaintiff has demonstrated commitment to pursuing this Action on behalf of a Settlement Class and has achieved a very favorable result, which does not favor any member of the Settlement Class at the expense of others. (Kokozian Decl. ¶ 27). Plaintiff will continue to adequately represent all members of the Settlement Class. In addition, Plaintiff has retained qualified and competent counsel, whose adequacy is discussed in greater detail below. *See Bailey v. Verso Corp.*, 337 F.R.D. 500, 507 (S.D. Ohio 2021), *judgement entered*, No. 3:17-cv-332, 2021 WL 5815727 (S.D. Ohio Dec. 6, 2021) (finding that the adequacy requirement satisfied by class counsel who were "experienced" and had "administered the settlement of numerous class actions").

## 5.    The requirements of 23(b) are met

Rule 23(b)(3) requires: (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

The predominance inquiry tests "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Hanlon*, *supra* 150 F.3d at 1022.

"When the claim is that an employer's policy and practices violated labor law, the key question for class certification is whether there is a consistent employer practice that could be a basis for consistent liability." *Kamar v. Radio Shack Corp*., 254 F.R.D. 387, 399 (C.D. Cal. 2008). Class certification is usually appropriate where "liability turns on an employer's uniform policy that is uniformly implemented, since in that situation predominance is easily established." Id. Common claims predominate where a company-

wide policy governs how employees spend their time and/or how they are paid. See, e.g., *Wright v. Linkus Enterprises, Inc*., 259 F.R.D. 468, 473 (E.D. Cal. 2009) (finding predominance, despite minor factual difference between individual class members, where the case involved "alleged policies that required class members to work without compensation, meal and rest periods, and/or reimbursement for expenses"); *In re Wells Fargo Home Mortg. Overtime Pay Litig*., 527 F. Supp. 2d 1053, 1065-68 (N.D. Cal. 2007) (finding predominance where, as a general matter, the defendant's policy and practice regarding compensation and exemption was uniform for all putative class members).

The superiority inquiry requires determination of "whether objectives of the particular class action procedure will be achieved in the particular case." *Hanlon*, 150 F.3d at 1023. Notably, the class-action method is considered to be superior if "classwide litigation of common issues will reduce litigation costs and promote greater efficiency." *Valentino v. Carter-Wallace, Inc*., 97 F.3d 1227, 1234 (9th Cir. 1996) (citation omitted).

Here, the relatively small amounts at issue for each member of the class, and difficulty proving liability, support a finding that maintaining this action as a class satisfies the superiority requirement. If each class member filed an individual action, the potential recovery for each individual might be considerably less, given the attorneys' fees and costs that would be incurred by each individual member. See *Hanlon*, 150 F.3d at 1023 ("Even if efficacious, these claims would not only unnecessarily burden the judiciary, but would prove uneconomic for potential plaintiffs."). Accordingly, a class action constitutes a superior method of adjudication, and Plaintiff has satisfied the requirements of Rule 23(b)(3).

**B. THE FORM AND MANNER OF NOTICE TO THE CLASS SATISFIES FED.R.CIV. P. 23(e)(1) AND SHOULD BE APPROVED**

Federal Rule of Civil Procedure 23(e)(1) requires that "[t]he court must direct notice in a reasonable manner to all class members who would be bound" by the Settlement. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 349 (2011). Accordingly,

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

the Notice and Summary Notice must "describe[] the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard[,]" *Churchill Vill, LLC v. Gen. Elec*, 361 F.3d 566, 575 (9th Cir. 2004), and "provide sufficient information to allow class members to decide whether they should accept the benefits of the settlement, opt out and pursue their own remedies, or object to its terms[,]" *Spann v. J.C. Penney Corporation*, 314 F.R.D. 312, 330 (C.D. Cal. Jan. 25, 2016). The manner of providing notice, which includes individual notice by mail to all Class Members who can be reasonably identified, represents the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23. See, e.g., *Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443, 452-53 (E.D. Cal. 2013) (approving similar form of notice). Here, the Settling Parties negotiated the form of the Notice to be disseminated to all persons who fall within the definition of the Settlement Class and whose names and addresses can be identified with reasonable effort.

In addition, Rule 23(h)(1) requires that "[n]otice of the motion [for attorneys' fees] must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner." Fed. R. Civ. P. 23(h)(1). Here, the Notice satisfies the requirements of Rule 23(h)(1), as it notifies Class Members that Plaintiff Counsel will apply to the Court for attorneys' fees of no more than one-third of the Settlement Fund, and expenses of no more than $15,000 plus the costs of settlement administration. (Settlement, ¶ III.B.2. To Class Counsel; Exhibit A to the Settlement Agreement.) The Settlement Agreement designated cost of settlement administration as an amount not to exceed $15,000; however, cost of settlement administration is now estimated as under $12,000 (current estimate $11,341.51.) (Kokozian Decl. ¶23.) The cost for settlement administration for approximately 1,038 potential class members is reasonable. The proposed Notice describes the Settlement and sets forth the maximum total amount of the Settlement Fund ($135,000) and the estimated average per share recovery; states the Settling Parties' disagreement over liability and damages; sets out the amount of attorneys' fees and expenses that Plaintiff's counsel intends to seek in connection with

final settlement approval; and describes the plan of allocation. In addition, the Notice explains the nature, history, and status of the Action; sets forth the definition of the Settlement Class; describes the Settlement Class claims and the class-wide issues; discusses the rights of persons who fall within the definition of the Settlement Class; and summarizes the reasons the Settling Parties are proposing the Settlement. (Settlement, ¶ Exh. A.)

Further, Settlement Class Members are not required to submit a claim in order to participate in the Settlement. (Settlement, ¶ III.A. <u>Gross Settlement Amount</u>.) The Notice also provides the name and mailing address for the Settlement Administrator, Plaintiff's counsel, and Defendant's counsel. (<u>Exhibit A to the Settlement Agreement</u>.) The Class Notice also informs Settlement Class Members that copies of the Notice and Settlement Agreement may be obtained by writing the Claims Administrator, calling a toll-free number, or by accessing the documents on the website of the Claims Administrator. Finally, the Class Notice sets forth the date, time and place of the Final Approval Hearing, along with the procedures for objecting to or seeking exclusion from the Settlement or disputing pay periods allotted to the Settlement Class Member.

## C. THE PROPOSED SETTLEMENT SATISFIES FED.R.CIV. P. 23(e)(2) BECAUSE IT IS FAIR, REASONABLE AND ADEQUATE

Approval of a class action settlement requires two stages of judicial approval: (i) *preliminary approval*, followed by the distribution of notice to the class, and (ii) *final approval*. *Murillo v. Pac. Gas & Elec. Co.*, 266 F.R.D. 468, 473 (E.D. Cal. 2010) ("Procedurally, the approval of a class action settlement takes place in two stages."); *see also Natl Rural Telecommc'ns Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (CD. Cal. 2004). "In the first stage of the approval process, the court preliminarily approve[s] the Settlement pending a fairness hearing, temporarily certifie[s] the Class …, and authorize[s] notice to be given to the Class." *Murillo*, 266 F.R.D. at 473 (alterations in original, citation and internal quotations omitted). At this initial preliminary approval stage, the "Court need only determine whether the proposed settlement appears on its

face to be fair" and "falls within the range of possible approval." *Hanlon*, 150 F.3d at 1026; *Williams v. Costco Wholesale Corp.*, No. 02cv2003 IEG (AJB), 2010 U.S. Dist. LEXIS 19674, at *15-16 (S.D. Cal. Mar. 4, 2010);. In considering whether to grant preliminary approval of a proposed class action settlement, courts make a preliminary evaluation of the fairness of the settlement. At this stage, however, the Court is not required to make a final determination as to whether the proposed settlement will ultimately be found to be fair, reasonable, and adequate. Rather, that evaluation is made only at the final approval stage, after notice of the proposed settlement has been given to the members of the class and class members have had an opportunity both to voice their views of the proposed settlement and to exclude themselves from the class. *See Williams*, 2010 U.S. Dist. LEXIS 19674, at *14-15 ("Given that some [] factors cannot be fully assessed until the Court conducts the Final Approval Hearing, 'a full fairness analysis is unnecessary at this stage.'"). As demonstrated below, the proposed Settlement is a fair result in light of the circumstances present in this action. Given the risks of litigation, the Settlement represents a favorable resolution of this action and eliminates the risk that the Class might otherwise recover nothing at all. Accordingly, the proposed Settlement satisfies the criteria for preliminary approval and is well within the range of possible approval.

**D. KOKOZIAN LAW FIRM, APC SHOULD BE APPOINTED CLASS COUNSEL**

**1.     The Class Representative and Class Counsel Have Adequately Represented the Class**

In appointing Class Counsel, this Court should consider the Rule 23(g)(1)(A) factors: (i) the work counsel has done in identifying or investigating potential claims in this action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in this action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A).

Proposed Class Counsel, Kokozian Law Firm, APC ("Class Counsel") are qualified under these factors. To date, Class Counsel have leveraged their experience and

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

resources to vigorously pursue recovery on behalf of the putative class and protect the interests of all Class Members, including by comprehensively investigating the claims forming the basis of the Action. To satisfy the requirement of Fed.R.Civ.P. 23(e)(2)(A), a court must consider whether the class representatives and class counsel have adequately represented the class. The proposed class representative must be free of interests antagonistic to the other members of the class, and counsel representing the class must be qualified, experienced, and capable of conducting the litigation. *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). Plaintiff and Class Counsel have prosecuted this action vigorously on behalf of the Settlement Class and will continue to do so.

### 2.   The Proposal Was Negotiated at Arm's Length

The proposed Settlement satisfies Fed.R.Civ.P. 23(e)(2)(B) because it is the product of serious, informed, non-collusive negotiations between experienced and capable counsel. *See, Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution");. Plaintiff's counsel is a highly respected plaintiffs' class action litigator, has prosecuted this action from its early stages, and is deeply familiar with the strengths and weaknesses of the claims and defenses.  The Parties participated in a mediation presided over by a respected mediator of wage and hour representative and class actions. Subsequently, each side, represented by its respective counsel, settled the Action.

### 3.   The Relief Provided for the Class Is Adequate
**a. The Costs, Risks and Delay of Trial and Appeal**

With respect to the claims asserted on behalf of the Settlement Class in this case, there are significant risks that support the reduced compromise amount. (Fed.R.Civ.P. 23(e)(2)(C)(i).) These include the risks and delays of further litigation, the strengths and weakness of Plaintiff's claims and Defendant's defenses, risks of prevailing on class certification and at trial on the merits regarding liability and damages.

Plaintiff and the Class ran the risk that no recovery would be obtained in the action

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

if the matter proceeded to trial.

**E. The Settlement, Notice Plan, And Plan Of Allocation Warrant Preliminary Approval**

### 1. The Settlement Should Be Preliminarily Approved

"To preliminarily approve a proposed class-action settlement, Rule 23(e)(2) requires the Court to determine whether the proposed settlement is fair, reasonable, and adequate." *Urakhchin v. Allianz Asset Mgt. of Am., L.P.*, SACV151614, 2018 WL 3000490, at *5 (C.D. Cal. Feb. 6, 2018) (citing Fed. R. Civ. P. 23(e)(2)). In determining whether a settlement meets these requirements, courts look to factors including the strength of the claims and defenses, the risk, expense, and complexity of continued litigation, the stage of proceedings and extent of discovery completed, and the experience and views of class counsel. See id. The relative importance of these factors depends upon the unique facts and circumstances of a given case, and "[i]t is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness . . . ." Id. (citations and alterations omitted). "[T]here is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008.

Accordingly, the Settlement is a product of an extensive arm's-length process in recognition of these risks. *See Urakhchin*, 2018 WL 3000490, at *4. "An initial presumption of fairness is usually involved if the settlement is recommended by class counsel after arm's- length bargaining." *Viceral v. Mistras Grp., Inc.*, No. 15-CV-02198, 2016 WL 5907869, at *8 (N.D. Cal. Oct. 11, 2016); *see also Slezak v. City of Palo Alto*, No. 16-CV-03224-LHK, 2017 WL 2688224, at *5 (N.D. Cal. June 22, 2017) (finding the "likelihood of fraud or collusion [wa]s low . . . because the Settlement was reached through arm's-length negotiations, facilitated by an impartial mediator."). Further, Class Counsel and Defendants' counsel are experienced in class action litigation and each possess a thorough understanding of the factual and legal issues involved in the Action. *See Tadepalli v. Uber Techs., Inc.*, No. 15-CV-04348-MEJ, 2015 WL 9196054, at *9

14

(N.D. Cal. Dec. 17, 2015) ("Settlements are entitled to 'an initial presumption of fairness' because they are the result of arm's-length negotiations among experienced counsel.").

Class Counsel has significant experience in class action litigation and are of the opinion that the Settlement is fair and reasonable. (Kokozian Decl. ¶28) "'The recommendations of plaintiffs' counsel should be given a presumption of reasonableness.'" *Urakhchin*, 2018 WL 3000490, at *5 (quoting *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) and granting preliminary approval). This presumption is especially warranted based on the opinion of "experienced plaintiffs' advocates and class action lawyers." *Does I v. Gap, Inc.*, No. CV-01-0031, 2002 WL 1000073, at *13 (D.N. Mar. Is. May 10, 2002).

Given that Plaintiffs' have recovered 21% of the estimated potential damages of $135,000 (. (Kokozian Decl. ¶28), this settlement falls within the range of reasonableness that Courts in other jurisdictions have approved. *See e.g., Pfeifer v. Wawa, Inc.*, 2018 WL 4203880, at *9 (E.D. Pa. Aug. 31, 2018) (approving settlement amounting to 25-50% of potential damages); *Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, 2018 WL 8334858, at *5 (C.D. Cal. July 30, 2018) (approving settlement amounting to 17-54% of potential damages).

In sum, the Settlement is the product of vigorous litigation and arm's-length negotiation by experienced and well-informed counsel, adequately reflects the strength of the parties' claims and defenses, is based on sufficient discovery and information, and provides significant relief to the Settlement Class. Accordingly, the Court should find the Settlement is fair, reasonable, and adequate, and merits preliminary approval. The amount offered in settlement is generally considered to be the most important considerations of any class settlement. See *Bayat v. Bank of the West*, 2015 WL 1744342, at *4 (N.D. Cal. Apr. 15, 2015). To determine whether that settlement amount is reasonable, the Court must consider the amount obtained in recovery against the estimated value of the class claims if successfully litigated. *Litty v. Merrill Lynch & Co.,*

*Inc.*, 2015 WL 4698475, at *9 (C.D. Cal. Apr. 27, 2015). Courts regularly approve class settlements where class members recover less than one quarter of the maximum potential recovery amount. See *Bravo v. Gale Triangle, Inc.*, 2017 WL 708766, *10 (C.D. Cal. Feb. 16, 2017) (approving a settlement where net recovery to class members was approximately 7.5% of the projected maximum recovery amount.)

Against these risks, Plaintiff's counsel considered the benefits to the Class of securing a $135,000 settlement immediately. (Kokozian Decl., ¶ 20.)

Plaintiff's counsel submits that, weighted against these challenges and uncertainties, and considering maximum possible recovery, the immediate $135,000 recovery for the Settlement Class is well within the range of possible approval. See, e.g., *Redwen v. Sino Clean Energy, Inc.*, No. CV 11-3936 PA (SSx), 2013 WL 12303367, at *6 (C.D. Cal. July 9, 2013) ("[A] recovery between 7% and 20% is 'well within range of reasonableness'" (quoting *In re Paine Webber Ltd. P'Ships Litig*, 147 F.3d 132, 132 (2nd Cir. 1998))).

In light of the uncertainties of protracted litigation, the settlement amount reflects a fair and reasonable recovery for the settlement Class Members. (Kokozian Decl., ¶¶ 27-28.) The settlement amount is, of course, a compromise figure. (Id.) By necessity it took into account risks related to liability, damages, and all the defenses asserted by the Defendant. (Id.)

**2. The Effectiveness of Any Proposed Method of Distributing Relief to the Class, Including the Method of Processing Class-Member Claims**

The method of distributing relief to the class satisfies Fed.R.Civ.P. 23(e)(2)(C)(ii).

Confirming the fundamental fairness of the settlement, each Class Member will be compensated based on the number of workweeks they worked during the class period. (Settlement, ¶ III.C. Payments From the Net Settlement Amount.) The Settlement Administrator will calculate a Workweek Unit Number by dividing the Net Settlement Amount by All Class Members Total Workweeks. The Settlement Administrator will then calculate each Class Members' Individual Settlement Award by multiplying his or

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

her Total Workweeks Unit by the Workweek Unit Number. Each Class Member's estimated Individual Settlement Award will be indicated on the Class Notice.

Moreover, each Settlement Class Member will be given the opportunity to challenge the total pay periods allotted to them, object to the Settlement, or opt out of the Settlement, allowing those who feel they have claims that are greater than the benefits they can receive under this Settlement, to pursue their own claims. (Settlement., ¶ III.E.3. <u>Objections to Settlement; Disputes as to Pay Periods allocated to Class Members; Elections Not to Participate in Settlement</u>.)

### 3. The Terms of Any Proposed Award of Attorneys' Fees, Including Timing of Payment

As for the matter of attorneys' fees and reimbursement of expenses, that will be subject to the Court's oversight and approval at the final approval stage. (Fed.R.Civ.P. 23(e)(2)(C)(iii).) As indicated in the proposed Class Notice, Plaintiff's counsel will not seek a fee in excess of one-third of the Class Settlement Amount and will not seek reimbursement of expenses above $15,000. (Settlement, ¶ III.B.2. <u>To Class Counsel</u>.)

Thus, there is no reason to doubt the fairness of the Settlement, and the Settlement has no obvious deficiencies.

### 4. Any Agreement Required to Be Identified Under Rule 23(e)(3)

The parties have identified the Settlement made in connection with the proposed settlement. (Kokozian Decl., ¶ 7.) Accordingly, Rule 23(e)(2)(C)(iv) is satisfied.

### 5. The Proposal Treats Class Members Equitably to Each Other

The Settlement Administrator will calculate a Workweek Unit Number by dividing the Net Settlement Amount by All Class Members Total Workweeks. The Settlement Administrator will then calculate each Class Members' Individual Settlement Award by multiplying his or her Total Workweeks Unit by the Workweek Unit Number. Each Class Member's estimated Individual Settlement Award will be indicated on the Class Notice. (Settlement, ¶ III.C. <u>Payments From the Net Settlement Amount</u>.) Therefore, the proposed settlement treats class members equitably to each other.

///

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**F. The Notice Plan Should Be Preliminarily Approved**

In addition to preliminarily approving the proposed Settlement, the Court must approve the proposed means of notifying Settlement Class members. Fed. R. Civ. P. 23(c)(2). "Individual notice must be provided to those class members who are identifiable through reasonable effort." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175 (1974). "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Churchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

The Notice Plan is designed to reach the largest number of Settlement Class members possible. The Settlement Notice will be sent by first-class mail to the last known address of each Settlement Class member prior to the Fairness Hearing. *See Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1486 (D.C. Cir. 1992) ("It is beyond dispute that notice by first class mail ordinarily satisfies Rule 23(c)(2)'s requirement that class members receive 'the best notice practicable under the circumstances.'").

The Notice Plan satisfies all due process considerations and meets the requirements of Rule 23(e). The Notice Plan clearly describes: (i) the nature of the action and class claims and the terms and operation of the Settlement; (ii) the definition of the class and the nature and extent of the Released Claims; (iii) the maximum attorneys' fees, litigation expenses; (iv) the procedure and timing for objections and requesting exclusion and notice that a class member may enter an appearance through an attorney if the member so desires; and (v) subject to the Court's schedule, the date and location of the Fairness Hearing and the binding effect of any class judgment entered.

## IV. PROPOSED SCHEDULE OF EVENTS

Plaintiff proposes the following schedule for approval of the Settlement, which assumes that preliminary approval of the Settlement is granted on April 3, 2024.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

| | |
|---|---|
| | Defendant to provide to Settlement Administrator a database containing Class Member information necessary to calculate Settlement Shares (14 calendar days after Preliminary Approval) |
| | Settlement Administrator to mail Class Notice Packets to all Class Members (14 calendar days after Defendant provides data to Settlement Administrator) |
| | Last day for Class Members to serve mail written objections to Settlement (45 calendar days after Settlement Administrator mails Class Notice Packets to all Class Members) <br><br> Last day for Class Members to mail Elections Not to Participate in Settlement (45 calendar days after Settlement Administrator mails Class Notice Packets to all Class Members) <br><br> Last day for Class Members to mail disputes to the pay periods allotted to them (45 calendar days after Settlement Administrator mails Class Notice Packets to all Class Members) <br><br> In the event that the notice packet is re-mailed to the class member, the response date is extended an additional 15 days. |
| | Filing date for Motion for Final Approval, Attorney's Fees Request and Request for Reimbursement of Costs: Per Code |
| | Final Approval and Fairness Hearing and Final Certification: Attorney Fee: TBD |

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

# V. CONCLUSION

Plaintiffs respectfully submit that the Court should preliminarily approve the Settlement, Notice Plan, and Plan of Allocation, preliminarily certify the Settlement Class, and set a date for the Fairness Hearing.

DATED: February 28, 2024                    KOKOZIAN LAW FIRM, APC


                                            *Brian Andrews*
                                            Bruce Kokozian, Esq.
                                            Brian Andrews, Esq.
                                            Attorneys for Plaintiff


The undersigned, counsel of record for Plaintiff TRAVIS SWANS, certifies that this brief contains 6920 words, which complies with the word limit of L.R. 11-6.1.

Date:  February 28, 2024                    *Brian Andrews*
                                            Brian Andrews

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT