Bruce Kokozian, Esq. (SBN 195723)
bkokozian@kokozianlawfirm.com
Brian Andrews, Esq. (SBN 234306)
bandrews@kokozianlawfirm.com
**KOKOZIAN LAW FIRM, APC**
10940 Wilshire Blvd., Ste 1200
Los Angeles, CA 90024
Telephone Number: (323) 857-5900
Fax Number: (310) 275-6301

Attorneys for Plaintiff
TRAVIS SWANS,
on behalf of himself and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS SWANS, an Individual, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIELDWORKS, LLC, a District of Columbia limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:22−cv−07250 SPG(MRWx)<br><br>Judge: Hon. Sherilyn Peace Garnett<br>Magistrate: Hon. Michael R. Wilner<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD FOR ATTORNEY'S FEES, COSTS, AND CLASS REPRESENTATIVE SERVICE PAYMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: September 11, 2024<br>Time: 1:30 p.m.<br>Location: Courtroom 5C<br><br>Action Filed: August 30, 2022<br>Notice of Removal: October 5, 2022<br>Trial Date: June 4, 2024 [Vacated] |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**YOU ARE HEREBY NOTIFIED THAT** on September 11, 2024 at 8:30 a.m. or soon as thereafter as the matter may be heard in Courtroom 5C of this Court, located at

1

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

350 West First Street, Los Angeles, California 90012, Plaintiff Travis Swans ("Plaintiff"), individually and on behalf of the class he seeks to represent, by and through his attorneys of record, will move for an order granting Final Approval for the Class Action, for an order confirming Travis Swans as the Class Representative of the proposed Settlement Class, and for an order confirming the appointment of the Bruce Kokozian, Esq. of Kokozian Law Firm, APC as Class Counsel for the Settlement Class, and approving Class Counsel's application for Class Counsel Attorney's Fees and costs as authorized under the settlement. Good cause exists for the granting of the Motion in that the proposed settlement is fair, reasonable, and adequate.

      The Motion will be based on this Notice of Motion, the Memorandum of Points and Authorities, the Declarations of Bruce Kokozian, Esq., Brian Andrews, Esq., and Class Representative Travis Swans, and the declaration of Markus Bulthuis, the Settlement Administrator from Simpluris, Inc., and on such oral and documentary evidence as may be presented at the hearing of the Motion.

Dated: August 14, 2024　　　　　　　　　　KOKOZIAN LAW FIRM, APC

By: _____
　　Bruce Kokozian, Esq.
　　Attorneys for Plaintiff

# **TABLE OF CONTENTS**

PAGE

I. INTRODUCTION/SUMMARY OF CLAIMS ........................................................ 1

II. PROCEDURAL HISTORY OF THE CASE ......................................................... 1

III. ACTUAL SETTLEMENT VALUE ...................................................................... 2

    A. CLAIMANT COMPENSATION ................................................................. 2

    B. ATTORNEYS' FEES AND COSTS ............................................................ 2

    C. CLASS REPRESENTATIVE SERVICE PAYMENT .................................. 2

    D. PAGA ALLOCATION ................................................................................ 3

IV. ARGUMENT ........................................................................................................ 3

    A. THE SETTLEMENT DID NOT RESULT FROM FRAUD OR COLLUSION ................................................................................................ 3

    B. PUBLIC POLICY FAVORS SETTLEMENT OF CLASS ACTIONS ....... 3

    C. FINAL SETTLEMENT APPROVAL IS APPROPRIATE AS THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE .............. 4

        1. THE STRENGTH OF PLAINTIFFS' CASE ................................... 4

        2. THE RISK, EXPENSE, COMPLEXITY, AND LIKELY DURATION OF FURTHER LITIGATION ...................................... 5

        3. THE RISK OF MAINTAINING CLASS ACTION STATUS THROUGHOUT TRIAL ................................................................ 5

        4. THE AMOUNT OFFERED IN SETTLEMENT ............................. 5

        **5.** THE EXTENT OF DISCOVERY COMPLETED AND STAGE OF THE PROCEEDINGS ...................................................................... 6

        6. THE EXPERIENCE AND VIEW OF COUNSEL ........................... 6

        7. THE PRESENCE OF A GOVERNMENTAL PARTICIPANT ....... 6

        8. THE REACTION OF CLASS MEMBERS TO THE PROPOSED SETTLEMENT ............................................................................... 7

    D. THE NOTICE AND NOTICE METHODOLOGY WERE PERFORMED AS DIRECTED BY THE COURT ............................................................. 7

E. THE COURT SHOULD APPROVE PAYMENT OF PLAINTIFFS' ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES .......... 7

    1. THE PARTIES HAVE AGREED TO AN AWARD OF ATTORNEYS' FEES AND COSTS ................................................................ 7

    2. THE REQUESTED AWARD IS FAIR AND REASONABLE ....... 8

    3. AN ATTORNEYS' FEES AWARD OF ONE-THIRD OF THE SETTLEMENT COMMON FUND IS WELL SUPPORTED BY CASELAW ............................................................................................ 8

    4. GIVEN THE RESULTS OBTAINED AND RISK BORNE BY CLASS COUNSEL, THE COURT SHOULD AWARD FEES EQUAL TO ONE-THIRD OF THE COMMON FUND .................. 9

        (a) THE EXCELLENT SETTLEMENT RESULT SUPPORTS THE FEE REQUEST ............................................................. 9

        (b) CLASS COUNSEL TOOK SUBSTANTIAL RISK TO LITIGATE THIS CASE AND BORE THE FINANCIAL BURDEN OF LITIGATING ON A CONTINGENCY BASIS ............................................................................................. 10

    5. CLASS COUNSEL'S LODESTAR FOR WORK PERFORMED FOR THE CLASS ALSO SUPPORTS THE AWARD SOUGHT ............................................................................................. 10

        (a) CLASS COUNSEL'S HOURLY RATES ARE REASONABLE ................................................................... 11

        (b) THE NUMBER OF HOURS CLAIMED IS REASONABLE ................................................................... 13

F. THE COURT SHOULD APPROVE THE REIMBURSEMENT OF COSTS ................................................................................................................. 13

V. CONCLUSION ................................................................................................. 13

# TABLE OF AUTHORITIES

PAGE

**FEDERAL CASES**

*Camacho v. Bridgeport Fin., Inc.*,
   523 F.3d 973, 979 (9th Cir. 2008) .................................................................. 11

*Cervantez v. Celestica Corp.*
   No. 07-729-VAP (OPx), 2010 WL 2712267, *3 (C.D. Cal. July 6, 2010)l……...5

*City Partnership Co. v. Atlantic Acquisition Ltd. Partnership*,
   100 F3d 1041, 1045 (1st Cir. 1996) ................................................................... 4

*Cotton v. Hinton*,
   559 F.2d 1326, 1330 (5th Cir. 1977) .................................................................. 6

*Craft v. County of San Bernardino*
   624 F. Supp. 2d 1113, 1127 (C.D. Cal. 2008) ................................................... 8

*Hanlon v. Chrysler Corp.*
   150 F.3d 1011, 1011, 1026 (9th Cir. 1998) ........................................................ 4

*Hightower v. JPMorgan Chase Bank, N.A.*,
   No. 11-1802-PSG (PLAx), 2015 WL 9664959, *7 (C.D. Cal. Aug. 4, 2015) ...... 3

*La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*
   624 F.3d 1083, 1089 (9th Cir. 2010) ................................................................. 8

*Miller v. CEVA Logistics USA, Inc.*
   No. 2:13-cv-01321-TLN-CKD, 2015 WL 4730176, at *8
   (E.D. Cal. Aug. 10, 2015) ............................................................................... 8-9

*Officers for Justice v. Civil Serv. Comm'n*
   (9th Cir. 1982) 688 F.2d 615, 625 ................................................................. 3, 4

*Rodriguez v. Kraft Foods Group, Inc.*
   No. 14-1137, 2016 WL 5844378, *7 (E.D. Cal. Oct. 5, 2016) ........................... 5

*Vizcaino v. Microsoft Corp.*
   290 F.3d 1043, 1047 (9th Cir. 2002) ................................................................. 8

## CALIFORNIA STATE CASES

*Dunk v. Ford Motor Co.*
  (1996) 48 Cal.App.4th 1794, 1801 ................................................................. 3-4

*Flannery v. California Highway Patrol*
  (1998) 61 Cal.App.4th 629, 632 ...................................................................... 11

*PLCM Group, Inc. v. Drexler*
  (2000) 22 Cal.4th 1084, 1095 ......................................................................... 11


## FEDERAL STATUTES

29 U.S.C. § 216(b). ................................................................................................. 8

Fed.R.Civ.P. 23(e) .................................................................................................... 3

Fed.R.Civ.P. 23(h) .................................................................................................... 7


## CALIFORNIA STATUTES

Cal. Civ. Proc. Code § 1021.5 ................................................................................. 8

California Labor Code § 203 ................................................................................... 3

California Labor Code § 1194(a) ............................................................................. 8

California Labor Code § 2800 ................................................................................. 1

California Labor Code § 2802 ................................................................................. 1

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

# I. INTRODUCTION

Class Counsel has achieved an excellent result in this litigation, embodied in the Class and Representative Action Settlement Agreement (herein after "Stipulation"/ "Settlement Agreement"). The proposed Settlement provides substantial benefits to the Class and is the product of aggressive litigation of Class Counsel to obtain the best possible result for the Class Members. 100% of the money will be paid out as there is no reversion to Defendant Fieldworks, LLC ("Defendant"). There are **zero objections** to the settlement. There is **one opt out** to the settlement. A truly outstanding result. Well over **99%** of the class will participate. This will result in an average gross payment to Class Members of approximately of $53.89 with the highest gross payments to Class Members of approximately $203.07.

# II. PROCEDURAL HISTORY OF THE CASE

On August 30, 2022, Plaintiff Travis Swans filed a class action complaint in the Superior Court of the State of California for the County of Los Angeles, individually and on behalf of a purported class of similarly situated employees. In the Class Action Complaint, Plaintiff asserted claims for (1) Failure to Pay Overtime Wages; (2) Failure to Pay Minimum Wages; (3) Failure to Pay Overtime Wages at the Legal Overtime Pay Rate; (4) Failure to Provide Meal Periods or Compensation in Lieu of; (5) Failure to Provide Paid Rest Periods; (6) Failure to Timely Furnish Accurate Itemized Wage Statements; (7) Failure to Reimburse Employee Expenses in violation of Labor Code §§ 2800 and 2802; (8) Violation of Labor Code § 203; and (9) Unfair Business Practices.

On October 05, 2022, Defendant Fieldworks, LLC ("Defendant") removed the matter to this court on the basis of diversity jurisdiction. Plaintiff filed a motion to remand, which this Court denied on January 17, 2023.

On February 28, 2023, pursuant to this Court's order on a joint stipulation, Plaintiff filed a First Amended Complaint ("FAC") to add a representative action under the Private Attorneys General Act of 2004 ("PAGA"). The FAC remains the operative complaint.

On April 11, 2023, the Parties attended mediation with Hon. Dickran Tevrizian (Ret.), a retired Judicial Officer of this Court and an experienced mediator of wage and hour class actions. The Parties reached a settlement pursuant to a memorandum of understanding. Thereafter, the Parties reached a long form agreement (Class and Representative Action Settlement Agreement) on November 20, 2023. Plaintiff counsel knows of no other cases affected by this settlement.

On April 12, 2024, this Court granted Preliminary Approval of this settlement, conditionally certified the Class for settlement purposes only, approved the Class Notice, appointed the Class Representative, designated Class Counsel, and set timelines for the claims and settlement procedure.

### III. ACTUAL SETTLEMENT VALUE

The non-reversionary settlement the parties agreed to is for $135,000. There is no claim form requirement and there is no residual to revert to Defendant. Likewise, Defendant will pay its share of payroll taxes in addition to the settlement amount. The total settlement is divided as follows:

**A.  Claimant Compensation**:

The average Class Member Settlement payment is estimated to be approximately $53.89 and the highest payments to Class Members of approximately $203.07. Declaration of Markus Bulthuis, of Simpluris, Inc. ¶11 ("Bulthuis Decl.") attached as **Exhibit "1'** to the dec of Bruce Kokozian ("Kokozian Decl.").

**B.  Attorneys' Fees and Costs:**

Attorneys' Fees: $45,000 (which is one-third of the settlement amount) see summaries in table form concerning attorney fees) and costs of $7,554.62 as verified by Class Counsel (Kokozian Decl., **Exhibit "2"** and **Exhibit "3"**) and approved by the Court and the costs for settlement administration of $11,341.51 (Bulthuis Decl. ¶ 15, **Exhibit "1"** to Kokozian Decl.).

**C.  Class Representative Service Payment**

$5,000 for Class Representative Travis Swans. Declaration of Travis Swans

("Swans. ¶¶ 6-8) **Exhibit 5** to Kokozian Decl.

        D.        <u>**PAGA Allocation**</u>- $10,000 total, with a $7,500 payment to the LWDA.

### IV.    ARGUMENT

**A.**    <u>**The Settlement Did Not Result From Fraud Or Collusion.**</u>

The settlement was not the product of fraud or collusion. The settlement resulted from lengthy, contentious, and complex litigation and arm's-length negotiations over more than a year, including a mediation, which demonstrates the settlement was reached in good faith. *Hightower v. JPMorgan Chase Bank, N.A.*, No. 11-1802-PSG (PLAx), 2015 WL 9664959, *7 (C.D. Cal. Aug. 4, 2015) (good faith settlement was reached under guidance from experienced mediator).

There are no elements of collusion in this settlement. None of the settlement funds will revert to Defendant. Kokozian Decl. ¶ 11. The class members will receive a monetary distribution and class counsel will not receive a disproportionate distribution of the settlement. The one third fee counsel seeks is the market rate for similar cases. Kokozian Decl. ¶ 15.

**B.**    <u>**Public Policy Favors Settlement of Class Actions**</u>

Federal Rules of Civil Procedure rule 23 (e) states that "The claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval." Courts have repeatedly found an overriding public interest in settling and quieting litigation, particularly in class action cases. *Officers for Justice v. Civil Serv. Comm'n* (9th Cir. 1982) 688 F.2d 615, 625 ["[V]oluntary conciliation and settlement are the preferred means of dispute resolution.  This is especially true in complex class action litigation . . ."]). The resolution of complex cases by settlement contributes greatly to the efficient utilization of scarce judicial resources and promotes the swift implementation of justice, for a "just result is often no more than an arbitrary point between competing notions of reasonableness." *In re Corrugated Container Antitrust Litig*, (5th Cir. 1981) 659 F.2d 1322, 1325.  In approving a proposed settlement, the Court must determine

whether the class settlement is fair, reasonable and adequate. *Dunk v. Ford Motor Co.* (1996) 48 Cal.App.4th 1794, 1801. The Court has broad discretion in making this determination. *Id.* However, the purpose of the final approval hearing is not to allow others to rework a settlement that is the result of long, complex, and hard-fought negotiations. A proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved had plaintiffs prevailed at trial. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 630 (9th Cir. 1982) ("*Officers*").

In practical terms, the settlement of a class action follows three parts: 1) Preliminary approval of the proposed settlement; 2) Notice to Class Members, and 3) a Final Approval hearing or "Fairness Hearing" at which evidence and argument may be heard on the fairness, adequacy, and reasonableness of the settlement. The Court has given preliminary approval of the settlement, Notice has been sent to all Class Members, and the claims procedure has been completed.

Approval of the proposed settlement rests in the sound exercise of the court's discretion. See *City Partnership Co. v. Atlantic Acquisition Ltd. Partnership*, 100 F3d 1041, 1045 (1st Cir. 1996); *In re Syncor ERISA Litig.* 516 F3d 1095, 1101 (9th Cir. 2008) —strong judicial policy favors settlements "particularly where complex class action litigation is concerned."

**C.     Final Settlement Approval Is Appropriate As The Settlement Is Fair, Reasonable, And Adequate**

As set forth below, this settlement is fair, reasonable, and adequate. *Hanlon v. Chrysler Corp.* (9th Cir. 1998) 150 F.3d 1011, 1026.

**1.     The strength of Plaintiffs' case.**

Plaintiffs have relatively strong claims. However, Plaintiff's faced the uncertainties of protracted litigation, the risk of prevailing on class certification and losing at trial, and possibility of appeal and delay in obtaining any recovery. Kokozian Decl. ¶ 12.

///

**2.     The risk, expense, complexity, and likely duration of further litigation.**

"[T]rials of class actions are inherently risky and unpredictable propositions." *Cervantez v. Celestica Corp.*, No. 07-729-VAP (OPx), 2010 WL 2712267, *3 (C.D. Cal. July 6, 2010). "[I]t is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements." *Officers*, 688 F.2d at 625. The settlement amount is, of course, a compromise figure. Plaintiff took into account the risks that the class would be certified, risks related to proof of the claims, and the strengths and weaknesses of Defendant's other defenses. Plaintiff also took into account the possibility that if a settlement were reached after additional years of litigation, the great expenses and attorneys' fees of litigation would reduce the amount of funds available to the class for settlement. Furthermore, Plaintiff also took into consideration the time delay and financial repercussions of trial and, if completely successful the possibility of an appeal by Defendant. "By participating in the settlement, class members have an opportunity for an immediate, guaranteed payout now in lieu of the possibility of an uncertain recovery that will take months, if not years, to achieve." *Rodriguez v. Kraft Foods Group, Inc.*, No. 14-1137, 2016 WL 5844378, *7 (E.D. Cal. Oct. 5, 2016)

**3.     The risk of maintaining class action status throughout trial**

A class has not been certified in this action. There is some risk of not prevailing on class certification. This factor sweighs in favor of the proposed settlement.

**4.     The amount offered in settlement**

Although Plaintiffs allege that they suffered significant damages, they faced significant challenges in proving their claims. Only a small minority of putative class members appear to have strong failure to pay wages claims. As to Meal Period claims, Defendant will argue that meal periods were made available to all employees, and, in fact, most employees took meal periods that were longer than 30 minutes. Defendant may argue that it is not required to ensure that meal periods are taken, but instead it is only required to make them available to employees. As to rest period claims, it is difficult to

obtain damages for a rest period claim as no time records exist to prove this type of claim. Therefore, the amount offered in settlement is fair and reasonable.

### 5. The extent of discovery completed and stage of the proceedings

Plaintiffs engaged in discovery, reviewed documents produced by Defendant, conducting legal research and analysis of the applicable law as applied to the facts discovered regarding Plaintiffs' claims and the defenses thereto, worked up and drafted a mediation brief, preparing for and participated in mediation and prepared, reviewed, and drafted documents for settlement and drafted the motion for preliminary approval.

### 6. The experience and view of counsel

Experienced counsel, operating at arm's length, have weighed all of the foregoing factors and endorse the proposed settlement. As the Courts have explained, the view of the attorneys actively conducting the litigation, is "entitled to significant weight." *Fisher Bros. v.. Cambridge-Lee Industries, Inc.*, 630 F.Supp. 482, 488 (E.D. Pa. 1985); see also *Ellis*, supra, 87 F.R.D. at 18; *Boyd*, supra, 485 F.Supp. at 616-17. The Court "absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel." *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977).

Class Counsel has extensive experience in class actions and employment litigation, and specifically in wage and hour class actions. Kokozian decl. ¶¶ 2-10. Class Counsel is very experienced and qualified to evaluate the Class claims and viability of the defenses. *Id.* Class counsel was competent to litigate this case and conduct this settlement. The recovery for each Class Member is substantial, given the risks inherent in litigation and the defenses asserted. This settlement is fair, adequate, and reasonable and in the best interests of the Class.

### 7. The presence of a governmental participant

No governmental entity participated directly in this litigation. However, Plaintiffs reported as required to the Labor and Workforce Development Agency (LWDA).

///

///

6

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**8.  The reaction of class members to the proposed settlement**

In accordance with the Court's order, the Settlement Administrator delivered Settlement Notices by first-class mail to the last known address of each settlement class member. The deadline for filing an objection to the settlement or opting out of the settlement was July 8, 2024. As of the filing of this memorandum, only one opt out and no objections have been filed.

**D.  <u>The notice and notice methodology were performed as directed by the Court</u>**

As indicated above, the Settlement Administrator provided all notices required by the Court in its Order Granting Preliminary Approval of Class Action Settlement. Bulthuis Decl. ¶¶ 5-8.) All notices have been provided as the Court has required.

**E.  <u>The Court should approve payment of Plaintiffs' attorneys' fees and reimbursement of expenses</u>**

Federal Rule of Civil Procedure 23(h) provides that "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." When, as here, the Parties have reached an agreement on fees and costs, the Court must determine whether the agreed-upon amount is reasonable.

**1.  The Parties Have Agreed to an Award of Attorneys' Fees and Costs**

The Parties have agreed to an award of fees and costs in this case in the amount of up to one-third of the gross settlement amount (i.e., $45,000) as attorneys' fees, and no more than $15,000 as reimbursement for expenses (actual costs are $7,554.62). (Settlement, ¶ III.B.2. <u>To Class Counsel</u>.)

As explained below, the agreed upon sum is fair and reasonable, and the Court should award Petitioners' counsel the sum sought pursuant to Federal Rule of Civil Procedure Rule 23(h).

///

///

**2. The Requested Award Is Fair and Reasonable**

When evaluating the reasonableness of an agreed upon sum of fees and costs, a trial court's role is only to ensure that, when "taken as a whole, [it] is fair, reasonable and adequate." *Officers*, 688 F.2d at 625.

Plaintiffs are entitled to recover their attorneys' fees and costs for prevailing on their asserted claims. See Cal. Lab. Code §§ 1194(a), 2699(g)(1); Cal. Civ. Proc. Code § 1021.5; 29 U.S.C. § 216(b). Here, Plaintiffs are prevailing parties and entitled to recover their reasonable attorneys' fees and costs because they obtained a successful settlement. See *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir. 2010) ("Litigation that results in an enforceable settlement agreement can confer 'prevailing party' status on a plaintiff.").

In the Ninth Circuit, district courts have the discretion in common fund cases to choose either the percentage-of-the-fund or the lodestar method in evaluating a request for attorneys' fees. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). A district court can depart from the Ninth Circuit's 25% "benchmark" for a reasonable fee award if it provides an adequate explanation of the special circumstances that justify the departure. Id. at 942.

Plaintiffs request attorneys' fees equal to one-third of the $135,000 Settlement Fund, or $45,000, Plaintiffs' request for a higher percentage than the 25% benchmark is justified because of the risks Class Counsel took in litigating a contingency fee case, and a lodestar cross-check results in a negative multiplier that supports a finding that the fee request is reasonable. Class Counsels' current lodestar totals $56,210, which is a .8 negative multiplier based on the requested fee of $45,000. Kokozian Decl. ¶ 20.

**3.  An Attorneys' Fees Award of One-Third of the Settlement Common Fund Is Well Supported by Caselaw**

In cases resulting in settlements such as this one, courts have approved fees of one-third of the settlement common fund. An upward departure from the benchmark is often appropriate for common funds below $10 million. See, e.g., *Craft v. County of San Bernardino*, 624 F. Supp. 2d 1113, 1127 (C.D. Cal. 2008) ("Cases of under $10 Million will often result in fees

above 25%."); *Miller v. CEVA Logistics USA, Inc.*, No. 2:13-cv-01321-TLN-CKD, 2015 WL 4730176, at *8 (E.D. Cal. Aug. 10, 2015) ("California district courts usually award attorneys' fees in the range of 30-40% in wage and hour class actions that result in the recovery of a common fund under $10 million"; awarding one-third of the $2.6 million settlement common fund.)

Courts frequently grant fee awards greater than the twenty-five percent benchmark where, as is here, the requested award is less than the total lodestar, which supports the reasonableness of the requested award. Compensation at the 25% benchmark would significantly undercompensate counsel in light of, among other things, the time counsel incurred in this matter and the excellent result obtained in a case in which recovery was uncertain due to the litigation risks.

Thus, Plaintiffs' requested award of one-third of the maximum settlement fund is reasonable and consistent with similar wage and hour cases.

**4.     Given the Results Obtained and Risk Borne by Class Counsel, the Court Should Award Fees Equal to One-Third of the Common Fund**

While the "benchmark" for a reasonable percentage-of-the-fund award is twenty-five percent in the Ninth Circuit, district courts may adjust the lodestar to account for several factors, including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of non-payment. *In Re Bluetooth Headset Products Liability*, 654 F.3d 935, 942 (9th Cir. 2011). Here, the efficient litigation by highly experienced Class Counsel resulted in an excellent settlement for the settlement class members and Class Counsel took on the risk of litigating a complex wage and hour case on contingency.

(a)     **The Excellent Settlement Result Supports the Fee Request**

In light of the litigation risks and the per person allocation achieved, Class Counsel negotiated an excellent settlement, which justifies the modest upward adjustment to a fee of one-third of the fund. The Settlement provides a maximum payment of $135,000.00, plus a

9

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

separate payment of the employer's share of payroll taxes for the wage portion of the settlement payment.

Class Members will receive an average pre-tax award of $53.89. Bulthuis Decl. ¶11, **Exhibit "1"** to Kokozian Decl. The monetary benefits for the settlement members are significant and favor an upward adjustment from the benchmark.

The excellent result in this settlement – the most important factor for a departure from the 25% benchmark – supports Plaintiffs' request for attorneys' fees equal to one-third of the maximum settlement fund.

### (b) Class Counsel Took Substantial Risk to Litigate this Case and Bore the Financial Burden of Litigating on a Contingency Basis

Class Counsel's willingness to take on the significant litigation risks involved in litigating this case to achieve an excellent result for the Class weighs in favor of granting the fees requested. This case is not one in which a substantial settlement and a recovery of an attorney's fee was a foregone conclusion. See *Vizcaino*, 290 F.3d at 1048 ("Risk is a relevant circumstance.").

Class Counsel dedicated sufficient attorney resources to the prosecution of this litigation, which reduced its ability to work on less risky cases in which recovery of fees was more certain.  Kokozian Dec. ¶ 22. In the time that this case has been pending, Class Counsel have not received any compensation or reimbursement for their efforts and have advanced all expenses. Kokozian Dec. ¶ 16.

Additionally, Plaintiffs' Counsel's retainer agreement with Plaintiff allowed for a one-third contingency fee arrangement. Kokozian Dec. ¶ 16.

The substantial risk undertaken by Class Counsel in litigating a complex wage and hour case on a contingency basis supports an upward departure from the 25% benchmark.

### 5. Class Counsel's Lodestar for Work Performed for the Class Also Supports the Award Sought

The requested fee is also appropriate under the lodestar cross check to confirm the reasonableness of the fee. "The lodestar figure is calculated by multiplying the number of

10

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer. *Bluetooth*, 654 F.3d at 941.

### (a) Class Counsel's Hourly Rates are Reasonable

Class Counsel are entitled to the hourly rates charged by attorneys of comparable experience, reputation, and ability for similarly complex federal litigation. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Here, Class Counsel's hourly rates are reasonable in light of their significant experience, expertise, and skill in litigating complex class and collective actions involving wage and hour laws and the jurisdictions in which they are located. Counsel requests an hourly rate of $1,100 per hour for Bruce Kokozian, partner, $600 for Brian Andrews, associate, and $600 for Alex DiBona, former associate. Class Counsels' extensive education, experience, progressive Court approvals of hourly rates, and the history of approved hourly rates demonstrate that this hourly rate is reasonable. Kokozian Decl. ¶¶ 21-27; Andrews Decl. ¶ 2-4.

A reasonable hourly rate is the prevailing rate charged by attorneys of similar skill and experience in the relevant community. *PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095. The court may consider other factors when determining a reasonable hourly rate, e.g., the attorney's skill and experience, the nature of the work performed, the relevant area of expertise and the attorney's customary billing rates. *Flannery v. California Highway Patrol* (1998) 61 Cal.App.4th 629, 632. One difficulty in determining the hourly rate of attorneys of similar skill and experience in the relevant community is the scarcity of hourly fee-paying clients in class action litigation. As a practical matter, few if any consumers pay attorneys' fees on an hourly basis for such extensive litigation, and thus retainer agreements in such cases are based on a contingency fee relationship. Although there is no customary billing rate, the nature of class action work should be strongly considered by the court.

A survey conducted by The National Law Journal for the year 2010 provides a sample of a billing rate for California lawyers. The billing survey used 2010 rates and, thus understates current prevailing market rates given the increase in rates over the past 14 years.

Nonetheless, even this 2010 data confirms that partners at quality law firms regularly charge the amount Plaintiff counsel seeks in this case. In that survey, multiple California firms provided their hourly billing rates. Of those firms, 24 firms regularly charge in excess of $700.00 per hour for their partners. In fact, a majority of the firms charge as high as $800.00, $900.00, and up to over $1000.00 per hour. These firms are located in Orange, Los Angeles, San Francisco, and San Diego Counties, the types of firms that Plaintiffs' counsel regularly opposes in these class action cases. The only difference is that these defense attorneys are paid on a monthly basis and do not have to advance any costs on a case. To the contrary, Plaintiffs' counsel is only paid if they win, which in this case will result in payment almost 2 years after the case was originally filed. Kokozian Decl. ¶ 22.

Further, Plaintiff also attaches a San Francisco Daily Journal Article dated August 10, 2012, which provides the average partner billing rate in Los Angeles, over 11 years ago in 2012 was $797 per hour. Kokozian Decl., **Exhibit "4"**.

These rates indicate that the requested hourly rates by Class counsel are reasonable in the case-at-hand in view of Class Counsel's experience, the result achieved in this case and the contingent nature of the fees in class action cases. Class Counsel's skill and experience justify the requested rate. Class Counsel's firm practices litigation and trial work with a focus on representing employees in employment matters including class action cases Kokozian Decl. ¶¶ 19-27.

In sum, Class Counsel is an attorney who commands a high hourly rate. Class counsel has had success in wage hour class actions, is held in high regard by the legal community, and practices in a niche area. This case required attorneys with great skills and financial backing as it involved a highly specialized area of employment law that requires skilled and experienced attorneys. To obtain such an attorney on the free market, a client must pay appropriate compensation. Therefore, Class Counsel's requested rate is fair and reasonable. Kokozian Decl. ¶¶ 19-27. Mr. Kokozian has previously been approved at the requested hourly rate of $1,100 per hour, including in Los Angeles and San Bernardino Superior Courts. Kokozian Decl. ¶ 26.

### (b) The Number of Hours Claimed is Reasonable

Class Counsel has accurately summaries their time spent on various phases of this case.

### F. The Court Should Approve The Reimbursement Of Costs

The request for reimbursement of costs is fair and reasonable. Class Counsel's total costs are $7,554.62 ("**Exhibit 2** to Kokozian Decl.); less than the original estimate of costs of $15,000. The Settlement Administrator's total costs are $11,341.51. Bulthuis Decl. ¶ 15, **Exhibit "1"** to Kokozian Decl. The costs are all litigation related costs and should be approved. The amount of the costs requested is reasonable for the settlement of a case that required mediation prior to settlement.

The Settlement Administrator Simpluris, Inc. indicates that it will have costs of $11,341.51 through the disbursement of settlement awards for the administration of this settlement. Bulthuis Decl. ¶ 15. Simpluris, Inc. has provided a summary of its responsibility over administering the settlement, including printing and mailing the Notice to all Settlement Class Members, and providing the results of the administration of the Settlement to date, including the number of Elections Not to Participate in the settlement and objections received. The Court should approve the $11,341.51 in settlement administration costs to Simpluris, Inc.

## V. CONCLUSION

Plaintiff respectfully requests that the Court grant final approval of the class action settlement and award the requested attorney's fees and costs.

Dated: August 14, 2024                        KOKOZIAN LAW FIRM, APC

By: _____
Bruce Kokozian, Esq.
Attorneys for Plaintiff