JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS SWANS, an individual, on behalf of himself and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>FIELDWORKS, LLC, a District of Columbia limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:22-cv-07250 SPG (MRWx)<br><br>**JUDGMENT ORDER** |

The parties reached a settlement subject to the Court's approval, as represented in the Class and Representative Action Settlement Agreement (ECF No. 34-1, Ex. 1 ("Stipulation" or "Settlement Agreement")). The Court, having considered the parties' submissions, the arguments made during the hearings, the relevant law, and the record in this case, granted Plaintiff's Motion for Preliminary Approval of Class Action Settlement (ECF No. 42 "Preliminary Approval Order") on April 12, 2024, and thereafter, granted Plaintiff's Motion for Final Approval of Class Action Settlement (ECF No. 54 ("Final Approval Order") on December 10, 2024.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. For the reasons set forth in the Preliminary Approval Order, which are adopted and incorporated herein by reference, this Court finds that the applicable requirements of

Federal Rule of Civil Procedure 23 have been satisfied with respect to the Class and the proposed Settlement. The members of the Settlement Class received adequate notice. The Court hereby makes final its prior provisional certification of the Class for settlement purposes, as set forth in the Preliminary Approval Order.

2. This Judgment hereby adopts and incorporates by reference, in part, the terms and conditions of the parties' Settlement Agreement, together with the definitions of terms used and contained therein. As discussed in the Court's Final Approval Order, this Judgment modifies the terms of the parties' Settlement Agreement to adjust the Class Representative Service Payment to the Class Representative, Travis Swans, in the amount of $2,500.

3. The Court finds that it has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

4. Consistent with the definitions in the Settlement, the term "Settlement Class" means Defendant's nonexempt employees, both current and former, who performed services in the state of California from August 30, 2018, through August 30, 2022.

5. The Released Claims for the Participating Class Members and the Released PAGA Claims for the Aggrieved Employees, as defined by the Settlement Agreement, are covered by and included within the Settlement and this Judgment.

6. The Court finds the Settlement is fair, reasonable, and adequate and that Plaintiff has satisfied the standards and applicable requirements for final approval of this class action and PAGA settlement.

7. Notice of the Proposed Settlement of Class Action and the Hearing Date for Plaintiff's Motion for Final Approval of Class Settlement (hereinafter, "Final Settlement Fairness hearing") were provided to the Class Members, and such notice: (1) fully and accurately informed the Class Members of all material elements of the proposed Settlement and of their opportunity to object to or comment thereon; (2) was the best notice practicable under the circumstances; (3) was valid, due, and sufficient notice to all Class Members; and (4) complied fully with the laws of the State of California, the United States

Constitution, due process, and other applicable law. The Notice of Class Action Settlement fairly and adequately described the Settlement and provided Class Members adequate instructions and a variety of means to obtain additional information. A full opportunity has been afforded to the Class Members to participate in the Final Settlement Fairness hearing, and all Class Members and other persons wishing to be heard have been heard.

8. The Court hereby approves the Settlement and directs the Parties to effectuate the Settlement according to its terms.

9. Upon the Effective Date and upon Defendant fully funding the Settlement, Participating Class Members for the Class Period shall release, acquit, and discharge the Released Parties from any and all claims that were asserted against Defendant in the First Amended Complaint or that could have been asserted based on the factual allegations alleged in the First Amended Complaint, including those for the alleged class claims alleged in the First Amended Complaint which occurred during the Class Period, and expressly excluding all other claims, including claims for wrongful termination, unemployment insurance, disability, social security, workers' compensation, and claims outside of the Class Period. The Released Class Claims include all claims that were alleged in the First Amended Complaint or that could have been raised based on the factual allegations made in the First Amended Complaint through August 30, 2022. The Released Class Claims include: (1) failure to pay minimum, straight time, overtime, or double time wages; (2) failure to authorize and permit rest periods or pay rest period premiums; (3) failure to provide meal periods or pay meal period premiums; (4) failure to provide accurate and itemized wage statements; (5) failure to pay final wages due at separation; (6) failure to reimburse expenses; and (7) claims brought under Business & Professions Code section 17200, *et seq.*, including but not limited to attorney fees, interests, and costs based on these claims under the California Labor Code. Without limiting the foregoing, the Released Class Claims include all claims for interest, penalties, fees, and/or any monetary or non-monetary relief for the Released Class Claims.

10. Upon the Effective Date, and upon Defendant fully funding the settlement amount, the State of California and Aggrieved Employees hereby release, acquit, and discharge the Released Parties from any and all PAGA claims for civil penalties alleged in the First Amended Complaint or in the letter to the Labor and Workforce Development Agency which occurred during the PAGA Period, including all claims under PAGA for civil penalties due to any Labor Code violations by Defendant that were asserted against Defendant in the First Amended Complaint or that could have been asserted based on the factual allegations alleged in the First Amended Complaint and Named Plaintiffs Notice to the Labor and Workforce Development Agency, including Labor Code sections 201, 202, 203, 204, 210, 218.6, 226, 226.3, 226.7, 510, 512, 516, 558, 1174, 1174.5, 1182.12, *et seq.*, 1194, 1194.2, 1197, 1198, 2800, 2802, and any applicable Wage Order, which arose during the PAGA Period (hereinafter, "Released PAGA Claims"). The release of the Released PAGA Claims shall be effective as to all Aggrieved Employees, regardless of whether an Aggrieved Employee submitted a request for an exclusion from the Class. Without limiting the foregoing, the Release by Aggrieved Employees include all claims for interest and/or any monetary or non-monetary relief for the claims released by the Aggrieved Employees.

11. Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over the interpretation, implementation, and enforcement of the Settlement and all orders entered in connection therewith, pursuant to Federal Rules of Civil Procedure 41.

12. The Court hereby finds that the Gross Settlement Amount of $135,000 and the means of distributing the Net Settlement Amount to Participating Settlement Class Members and the PAGA Payment to Aggrieved Employees are fair, reasonable, and adequate. The Settlement Administrator will distribute the Net Settlement Amount to Participating Settlement Class Members and the PAGA Payment to Aggrieved Employees in accordance with the instruction and timeline set forth in the settlement.

13. The Court hereby confirms Bruce Kokozian, Esq. of Kokozian Law Firm, APC as Class Counsel. The Court hereby approves attorneys' fees to Class Counsel in the

amount of $45,000 and costs of $7,554.62 as compensation for all attorney time spent on this matter from inception through and including the Final Settlement Fairness Hearing and all other work related to this case and all costs, as these requests are fair and reasonable. The Court finds that the Class Counsel's requested attorneys' fees fall within the range of reasonableness, and the results justify this award and the departure from the Ninth Circuit's 25% "benchmark" for a reasonable fee award.  Costs to the Settlement Administrator, Simpluris, Inc., in the amount of $11,341.51 is also hereby approved as fair and reasonable.

14. The Court hereby approves a Class Representative Service Payment to the Class Representative Travis Swans in the amount of $2,500.  The Class Representative Service Payment is approved based on Class Representative's contribution to the class, risks incurred, stigma, execution of a general release, and all other factors presented to the Court.  The Court finds this payment fair, adequate and reasonable.

15. The Court hereby approves a PAGA payment of $10,000 ($7,500 payable to the Labor Workforce Development Agency and $2,500 payable to Aggrieved Employees), as this request is fair, adequate, and reasonable.

16. Entry of this Final Judgment shall constitute a full and complete bar against the Settlement Class as to all the claims released by the Stipulation and shall constitute res judicata and collateral estoppel with respect to any and all such released claims, except to those who opted out of the Settlement.  There is one (1) opt out.  Further, entry of this Final Judgment shall constitute a full and complete bar against PAGA Members for the PAGA Released Claims for the PAGA Period per the Settlement Agreement.

17. The Court further confirms and finds that nothing contained in the Settlement Agreement, the Preliminary Approval Order, the Final Approval Order, this Judgment, or any other Order entered in this action shall constitute an admission of liability by Defendant as to the merits, validity, or accuracy of any of the allegations or claims made against Defendant in the Action or the appropriateness of class or conditional certification.  This paragraph shall not, however, diminish or otherwise affect the obligation, responsibilities, or duties of Defendant under the Stipulation, the Court's Orders, and this Judgment.

18. By operation of the entry of Judgment, as of the Effective Date, the parties and Settlement Class Members are ordered to perform their respective duties and obligations under the Settlement.

**IT IS SO ORDERED.**

DATED: December 19, 2024

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE